PEOPLES STATE BANK OF BELLEVILLE *v.* ALLSTAEDT.

BANKS AND BANKING—JOINT ACCOUNTS—RIGHT OF SURVIVORSHIP—
EVIDENCE.

> Under statute pertaining to joint bank accounts where deposi-
> tor had had an account with plaintiff bank in inter-
> pleader suit in the joint names of himself and a nonappeal-
> ing defendant, had ordered such person's name revoked by
> written notice, as permitted by statute, and some time later
> by another letter had ordered such person's name taken off the
> bank book and appellant's name put on, such subsequent
> letter, although it may have made such account joint, did
> not give appellant the right of survivorship, there being no
> written evidence of intention to create such right as required
> by statute (3 Comp. Laws 1929, § 12063, as amended by Act
> No. 286, Pub. Acts 1937).

Appeal from Wayne; Murphy (George B.), J.
Submitted April 9, 1942. (Docket No. 39, Calendar
No. 41,745.) Decided May 18, 1942. Rehearing
denied July 1, 1942.

Bill of interpleader by Peoples State Bank of
Belleville against Charles E. Allstaedt, Christopher
Allstaedt, and Harold DuBois, administrator of the
estate of Fred William Stendel, deceased, to deter-
mine the title to a bank account. Decree for defend-
ant DuBois. Defendant Christopher Allstaedt ap-
peals. Affirmed.

*Edward A. Smith,* for defendant Christopher
Allstaedt.

*Floyd M. Phinney (Hollis Harshman,* of counsel),
for defendant DuBois.

WIEST, J. This is a bill of interpleader. In April,
1935, Frederick William Stendel, in his own name,
opened a savings account in plaintiff bank and at the

time of his death in February, 1939, the savings account of deposits made by him amounted to $2,962.15. The defendants each claimed the deposits and plaintiff, after filing the bill, paid the money into court. The issues were referred to a circuit court commissioner, with direction to take the testimony and make report. The commissioner filed a report, finding the administrator of the estate of Mr. Stendel was entitled to the fund. Exceptions were filed to the report, and the court entered decree in accord with the findings of the commissioner. Defendant Christopher Allstaedt reviews by appeal. Defendant Charles E. Allstaedt has not appealed and his claim need not be considered.

A few days before his death Mr. Stendel wrote the following letter:

"Jan 30 1939
"Hener (meaning Henry Deering, assistant cashier of plaintiff bank) please tak Charley nane of the bank book and put the name one that the one i am sending and oblige.
F. W. SENDEL.
"he is my sunelaw i am making my home with now."

Reverse side:
"Mr. Christopher E. Allstaedt
1074 Waterman St.   Allstaedt."

This letter was received by the bank. The assistant cashier testified that, when the letter was received, the bank "did not have the signature of Christopher Allstaedt. There was no time. in the history of this account when the books were in such a condition that Christopher Allstaedt could have withdrawn money from that account. We didn't have his signature nor a record of it on the account."

Christopher E. Allstaedt contends that this writing constituted him joint owner of the Stendel account, with right of survivorship, under the provi-

sions of 3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 12063, Stat. Ann. 1941 Cum. Supp. § 23.303), which provides:

"When a deposit shall be made, in any bank by any person in the name of such depositor or any other person, and in form to be paid to either or the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said banking institution for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof."

Appellant states the principal question involved as follows:

"Does Exhibit 7 (the mentioned letter) evidence an intent on the part of the depositor, now deceased, that the appellant was to be a joint depositor with the deceased, so that upon the death of the depositor the title to the account passed to the appellant?"

If we hold the letter accomplished the purpose of making the account joint, to the extent of being payable to either, it did not, under the statute, make the account payable to the survivor.

The statute mentioned relates to deposits:

"In the names of two or more persons, payable to either or the survivor or survivors, such deposit

or any part thereof or any interest or dividend thereon and any additions thereto, made by any one of the said persons, shall become the property of such persons as joint tenants.''

At one time Charles E. Allstaedt was constituted joint owner of the bank account with right of survivorship but this was revoked by written notice and direction of Mr. Stendel to the bank, as permitted by the statute.

Appellant contends:

''It is clear that Stendel thought that the account in the bank when he wrote Exhibit 7 was still a joint account payable to himself and Charles E. Allstaedt or the survivor. If he did not so believe, why would' he have directed the bank to remove the name of Charles Allstaedt from the account, and to substitute the name of Christopher? It is, therefore, apparent that Stendel believed and intended that the effect of Exhibit 7 would be merely to substitute Christopher Allstaedt for Charles Allstaedt as one of the joint depositors on an account then payable, he believed, to either or the survivor.''

Long before the letter, relied upon by appellant, was written, Mr. Stendel exercised the right, stated in the quoted statute, and notified the bank not to pay such deposit, or any part thereof, to Charles E. Allstaedt, and we cannot hold that the mentioned letter, relied upon by appellant, should be given the effect of evidencing intention of Mr. Stendel to give appellant right of survivorship. The statute requires written evidence of such intention.

The decree is affirmed, with costs against appellant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.