## WRIGHT v. DOWNING et al.
## HAYWARD v. DOWNING et al.

Nos. 7216, 7217.   Decided November 14, 1949.   (211 P. 2d 211.)

See 62 C. J., Theaters and Shows, sec. 90. Liability of theater for injury to patron, see note, 98 A. L. R. 557. See, also, 52 Am. Jur. 294.

*Gustin & Richards,* Salt Lake City, for appellants.

*N. H. Tanner,* Salt Lake City, *Willard Hanson,* Salt Lake City, *Stewart M. Hanson,* Salt Lake City, for respondents.

McDONOUGH, Justice.

These cases consolidated for trial and also for purposes of appeal by stipulation of the parties, are actions for personal injuries. Both plaintiffs were non-suited by order of the district court in the first trial, and on appeal we reversed the judgment. See *Hayward* v. *Downing,* (*Wright* v. *Downing*), 112 Utah 508, 189 P. 2d 442. After the cases were sent back for a new trial, verdicts were returned in favor of the plaintiffs, and the defendants are now the appellants.

Defendants were copartners engaged in the business of promoting wrestling matches for public entertainment at the State Fair Grounds in Salt Lake City. They leased the coliseum for such purposes. Seats for patrons were arranged amphi-theatrically around a central stage, each row of seats being elevated slightly above the row in front of it. On the east wall of the arena there was a small platform or alcove about 15 feet above the floor and about 5 feet above the last row of seats. The only access thereto was gained by grasping an overhead iron beam and then swinging up onto the platform. It was not designed for the use of spectators.

The plaintiffs alleged that they paid their admission to the arena on the evening in question, and were given express permission by defendant Downing to sit in the alcove. They admitted that some weeks previously when seated in said alcove with several other boys their age, 16 years, when some strangers got onto said alcove the floor sagged a few inches, but when the strangers left the boys stayed on the platform of the alcove. Plaintiffs each testified that one of their group requested permission of de-

fendant Downing each evening they came to the arena, and obtained permission before sitting there. From said alcove they could have a better view of the matches. The defendants each denied that any permission was given to anyone to be seated anywhere in the arena except in the seats provided for patrons, and witnesses for defendants including police officer and ushers, all testified that they ordered plaintiffs down from said alcove on successive occasions, but that the boys made the statement that Downing had given them permission and they were going to stay there.

On the evening in question, April 26, 1946, during the progress of the last match, the floor of the alcove collapsed, and the two plaintiffs fell to the floor of the building and sustained injuries for which they sought to recover in these suits. Defendants produced evidence that just before the collapse of the platform, plaintiffs and their companions were engaged in scuffling; but plaintiffs and other boys who were on the platform denied that plaintiffs or either of them engaged in any such conduct. Defendant's witnesses also testified that plaintiffs and others had been ordered off said alcove platform shortly before the accident, and that they obeyed such orders, but got back up there again. This testimony was denied by the plaintiffs and their witnesses.

The assignments of error all relate to the charge to the jury, and to alleged improper argument of counsel for plaintiffs in addressing the jury. The contentions of appellants are as follows: (1) The jury was not adequately instructed on any of the following: (a) Assumption of risk; (b) contributory negligence; (c) on the question of "express" consent as the law of the case; or (d) as to the denials of the plaintiffs' claims. (2) The court should have given the requested special interrogatory to test the general verdict. (3) There was improper argument to the jury by assertion that the alcove was as attractive nuisance, whereby prejudice was created on a matter not in issue.

The contention that the court failed to adequately instruct the jury, assumes that there was sufficient competent evidence to submit the cases to the jury. In fact, defendants do not urge reversal on the theory that the evidence is insufficient to permit verdicts in favor of the plaintiffs, but on the ground, primarily, that the instructions were such as to likely mislead the jury to defendants' prejudice.

With respect to the claimed error for failure to properly instruct on assumption of risk, appellants do not claim lack of instructions, but inadequate instructions. By instruction No. 6, which was substantially in the language of a request made by defendants, the court charged the jury that if there were regular seats available for plaintiffs and on the night in question they chose to sit at some other place which in the exercise of ordinary care they could see was not constructed nor maintained for that purpose and where they were not given permission to sit, then defendants owed plaintiffs no duty to inspect or keep such place in a safe condition for the seating of patrons. In the next instruction the court charged the jury that unless plaintiff proved by a preponderance of the evidence that he was given "express permission to sit where he was sitting on the night of the accident" the verdict must be in favor of defendants. One of defendants' requests on assumption of risks was to the effect that in the absence of express permission by defendants to plaintiff to sit in the alcove the latter assumed the risk of injury. But by the instructions just mentioned the legal effect of lack of express consent was clearly stated to the jury. It was not necessary to an adequate instruction to use the term "assumption of risk."

With respect to the instructions on contributory negligence the court charged that if plaintiffs engaged in scuffling, or wrestling on the platform, "and that such conduct" was

*"what a reasonably prudent person would not have done under the facts and circumstances then and there existing* and proximately caused or contributed to the giving away of the alcove,"

then the verdict must be in favor of defendants and against the plaintiff, no cause of action. Apart from the alleged failure to obtain permission, the only negligence on the part of the plaintiffs relied upon by defendants was getting onto the platform with knowledge of an audible warning of an officer that the place was not safe, and scuffling or wrestling after plaintiffs got onto the alcove platform.

The testimony relative to scuffling or wrestling in the alcove was given by two witnesses. Defendants' witness Adams testified that Hayward, plaintiff in one of the cases, and another boy were wrestling in the alcove. What he saw them do is not clear. He stated that he

"just happened to be looking around and I seen this Haywood boy and another boy wrestling up there. * * * One of the bouts had just been finished and one of the boys there raised the other one's hand up, as a token, the same as they done in the ring."

Immediately thereafter he heard the crash when the alcove gave way. On cross examination after stating that the boys mentioned were scuffling, he said that they were standing back up against the wall. When asked just what they were doing, he answered:

"They pretended like they were wrestling, and I just seen the part, seen them there, just seen them hold up his hand as a token of surrender."

The other witness, Steadman, stated as to the boys in the alcove:

"They were having quite a little scuffling amongst themselves, and that particular night I remember very well, because we had an exceedingly rough match that night, and everybody was more or less excited, consequently the noise was a little greater than it had been at any other time. That was why it was more noticeable."

Defendants requested that the jury be instructed in the following language:

"You are instructed that if you find from the evidence there was scuffling, wrestling, or playing on the alcove or platform, and that such conduct on the part of plaintiff or his companions caused or

contributed to the giving away of the alcove or platform floor, then you are instructed that your verdict must be in favor of the defendants and against the plaintiff No Cause of Action."

The requested instruction was given as modified by the italicized words quoted in the fourth preceding paragraph above. Appellants contend that the instruction should have been given as requested and that as modified it is erroneous. They argue that though express permission had been given to plaintiffs to sit in the alcove, such permission would not invite scuffling thereon. Hence when plaintiffs so conducted themselves they removed themselves from the status of invitees. Appellants further argue that though this be not so, nevertheless such conduct if engaged in, was contributorily negligent as a matter of law.

These contentions would, perhaps, have considerable merit if urged in a different factual background. Here, defendants' invitation was to teen-age boys to sit in the alcove to witness a wrestling match. The invitor could not reasonably assume that the instant invitees would comport themselves as would staid adults witnessing a religious drama. On the contrary, it should have been anticipated that these boys would respond to the spectacle exhibited to them with the emotions it was designed to arouse and with the enthusiasm of youth. It cannot be said as a matter of law, that by the conduct, ambiguously described by two witnesses as hereinabove set out, the plaintiffs departed the status of invitees. Nor were they thereby, for the reasons stated, contributorily negligent as a matter of law. Hence, there was no error in refusing to give defendants' request nor in giving the challenged instruction.

There was no request to instruct on the theory that plaintiffs were orally warned of the danger. The court was not in error for failure to give such an instruction.

Complaint is made of failure to "adequately" instruct on the question of "express" consent, defendants contending

that such was the law of the case and the instructions as given could be construed by the jurors to permit recovery on some theory of implied consent. By instruction No. 4 the court advised the jury that the plaintiffs claimed they had the permission of defendant Downing to sit on the alcove, and "this the defendants deny"; and that if the plaintiffs had such permission they were guests to whom defendants owed the duty of exercising reasonable care to see that such alcove was a reasonably safe place from which plaintiffs could witness the contests. By instruction No. 5 the court charged that defendants contended the alcove was not a suitable place for seating of patrons and that the same was for decorative purposes; but that if the jury found by a preponderance of evidence that defendant Downing consented, the plaintiffs were guests and not trespassers while so occupying said alcove. By instruction No. 7 the court instructed the jury that plaintiffs must prove *express permission* to sit at the place where seated at the time of the accident, and that it is not sufficient to show that they were seated there as a matter of custom or practice, or of their own volition, or even with the knowledge of defendants or either of them, and if the jury found that plaintiffs were not given express permission to sit where they sat, verdict must be in favor of defendants, no cause of action. If the jurors could have been uncertain at the time the court first mentioned "permission" as to whether it could have been merely implied permission, they could have entertained no doubt by the time the court had completed reading instruction No. 7.

Nor do we find merit to the contention that the trial court did not sufficiently state the denials made by defendants of plaintiffs' claims.

Defendants requested a written special interrogatory as to whether defendants or either of them told plaintiffs or their companions on the night of the accident that they might sit on the platform or alcove. The court declined to submit such interrogatory, and since the

giving of special interrogatories lies within the sound discretion of the trial court, 104-25-2, U. C. A. 1943, no error can be predicated on such refusal. Appellants argue, however, that since the decision of the cause on the prior appeal was the law of the case and referred to "express consent" such interrogatory should have been given. However, it is patent from the instructions hereinabove discussed that embodied in the general verdict was of necessity an affirmative answer to the requested interrogatory, unless the jury disregarded the clear-cut direction of the court. That the jury did so, we may not assume.

The last point argued is that in the argument to the jury one of the attorneys for plaintiff suggested to the jury that the alcove was an "attractive nuisance." Appellants earnestly urge that such argument was prejudicial, particularly in view of the fact that the court did not instruct the jury to disregard such argument. Counsel for plaintiffs argued in substance that it was negligence on the part of defendants to permit the opening in the wall known as the alcove, to remain there as an inducement for boys 14, 15 and 16 years of age to sit there. Counsel for defendants objected, and the trial judge stated that the issues were set forth in the instructions and that the jurors were the sole judges of the facts.

The argument was improper, for the reason that the doctrine of attractive nuisances has no application to the facts of this case. Suit in each of these cases was predicated upon the claim that plaintiff had obtained permission from defendant Downing to sit in the alcove and had acted pursuant to such express permission. It necessarily must have been so predicated in view of the law relative to the fact situation pronounced by this court on the former appeal. *Hayward* v. *Downing,* 112 Utah 508, 189 P. 2d at pages 445-446.

The only question remaining is whether the jury could have been prejudiced by such type of argument, in view of the comment made by the court. The court informed the

jurors that they had been instructed on the issues and that they were the sole judges of the facts. The court should have advised the jury to disregard the argument as being outside the issues. However, in view of what we have said, and the fact that the instructions not only do not authorize the jury to return a verdict on any theory of attractive nuisances but definitely exclude any such basis of recovery, we are of the opinion that there was no prejudice.

The judgment in each case is accordingly affirmed. Costs to the respondents.

PRATT, C. J., and WADE and WOLFE, JJ., concur.

LATIMER, Justice (dissenting).

I dissent.

Defendants requested the following instruction:

"You are instructed that if you find from the evidence there was scuffling, wrestling, or playing on the alcove or platform, *and that such conduct on the part of plaintiff or his companions caused or contributed to the giving away of the alcove or platform floor,* then you are instructed that your verdict must be in favor of the defendants and against the plaintiff No Cause of Action." (Italics added.)

This was modified by the trial judge and given as follows:

"You are instructed that if you find by a preponderance *of evidence that the plaintiff engaged in scuffling, or wrestling* on the alcove or platform, and that such conduct *on the part of plaintiff* was what a reasonably prudent person would not have done under the facts and circumstances then and there existing and proximately caused or contributed to the giving away of the alcove or platform floor, then you are instructed that your verdict must be in favor of the defendants and against the plaintiff, no cause of action." (Italics added.)

The changes made by the trial judge in this instruction covered contributory negligence when in my opinion the requested instruction was not intended to be so limited. The evidence is to the effect that four or five boys were given

permission to use alcove as a place from which they could observe the wrestling matches. The permission given by the defendants was extended to more than the two boys involved in these actions, and the instructions as requested deals not only with the actions of the plaintiffs but also with the acts and conduct of the other youths included in the invitation. The defendants were charged with knowledge that the youths would not sit immobile in the alcove and that there would be some movement. But I have grave doubts that they could be reasonably charged with notice that a wrestling or scuffling match might be put on in such a place. Entirely aside from the question of contributory negligence, if youths other than the plaintiffs engaged in wrestling and scuffling and additional stresses and strains resulting from this unanticipated activity caused the alcove to collapse and fall, then the jury might find defendants not negligent. At least an instruction on that issue was warranted by the evidence in the record.

The error in failing to give the requested instruction is aggravated by the giving of instruction No. 5. The questionable part of this instruction is as follows:

"* ' * * that if you find by a preponderance of the evidence that the defendant Downing consented that the plaintiffs occupy said balcony or alcove at the time in question, the plaintiffs were guests while so occupying the same and were not trespassers, and it was the duty of the defendants to exercise reasonable care to inspect said alcove or balcony to see that the same was reasonably safe for the plaintiffs and others who had permission of the defendant Downing, if they did have such permission, to occupy the same, *and since it is undisputed that said alcove or balcony collapsed at the time that the plaintiffs were witnessing the contests, and since it is admitted that the defendants never inspected or examined the same or took any means to find out if the same was reasonably. safe for guests to occupy said balcony or alcove, then you may infer that the collapse of said balcony or alcove was due to the negligence of the defendants* * * *"  (Italics added.)

This instruction permits the inference of negligence if the jury finds permission was given, since the court tells the jurors they may infer the collapse of the balcony was

due to the negligence of defendants. This instruction might be correct if the jury had been instructed that the inference could only be made if at the time of the collapse the youths were using the alcove for the purposes included within the invitation. However, if additional stresses and strains were caused by a free-for-all wrestling bout, or unanticipated activities on the part of the boys and these caused the collapse of the alcove, then the jury should not have been permitted to infer negligence from the falling.

When consideration is given to the instruction on the presumption of negligence, the instruction as requested and the instruction as given, it is apparent that the court by changing the instruction, erroneously instructed on one issue and failed to instruct on one of the necessary and most important elements in the case. For this reason, I conclude the judgment should be reversed.