Argued July 10, affirmed September 27, 1973

SHIELDS, *Respondent, v.* UNITED STATES
NATIONAL BANK OF OREGON,
*Defendant,* AND SHIELDS,
*Appellant.*
514 P2d 348

*Howard H. Campbell,* Portland, argued the cause and filed briefs for appellant.

*Gerald R. Pullen,* Portland, argued the cause and filed a brief for respondent.

O'CONNELL, C. J.

This is a declaratory judgment proceeding in which the parties seek to have determined the ownership of the balance remaining in a savings account in the defendant bank at the time of Ricky Dale Shields' death. The bank is a mere stakeholder. The controversy is between defendant Marjorie Ann Shields, mother of the deceased, and Lola Shields, his wife and the personal representative of his estate. Defendant appeals from a judgment in favor of plaintiff.

The savings account in question was opened in 1953, when Ricky was eleven years old. The passbook was made out to "Ricky Dale Shields or Marjorie Ann

Holman, J., did not participate in this decision.

Shields." Except for the deposit of small sums by defendant when Ricky was still a young boy, all of the money deposited in the account was money earned by Ricky. All of the money withdrawn from the account was used for Ricky's benefit. In 1961, when Ricky married, the account contained approximately $500. Five years later it had grown to over $10,000. At that time, $9,600 was withdrawn to pay off the mortgage on Ricky's home. Ricky died intestate on January 4, 1970. By that time, the account had again grown to over $15,000.

Defendant testified in a rather vague way at trial to the effect that Ricky wanted her to use this money for the benefit of his children. She claims the balance by right of survivorship. On the other hand, plaintiff testified to the effect that Ricky intended that on his death the money should go to plaintiff. She claims it as the property of Ricky's estate.

■ No survivorship provision appears on the face of the passbook introduced into evidence and no other evidence was adduced at trial which indicated that the account contract included a survivorship agreement.[1] The evidence of the source of the funds in the account and their use during Ricky's life was sufficient to establish that defendant was not intended to have a beneficial interest in the account during Ricky's lifetime.[2] The only question is whether, in the absence of an express survivorship agreement, a right to the fund accrued to the defendant upon Ricky's death.

There are cases which hold that when A deposits his own money in a savings account payable to "A or

---

[1] The only exhibits introduced were three passbooks covering the years 1953 through 1969. No account signature was produced.

[2] Greenwood v. Beeson, 253 Or 318, 454 P2d 633 (1969).

B", with no provision for survivorship, no rights are created in B upon A's death in the absence of evidence showing that A intended such survivorship rights to arise.[3] Some courts have held that accounts of this kind do create a right of survivorship in the absence of evidence to show a contrary intent.[4] Frankly, we know of no empirical data which shows either presumption to be more justifiable than the other, or which would more surely guide us in determining the depositor's intent, that being the controlling factor in these cases.[5]

■ It is not necessary for us to decide in this case which of these two views we would adopt, because even if we were to hold that an account "payable to A or B,"

[3] Frey v. Wubbena, 26 Ill2d 62, 185 NE2d 850 (1962); O'Brien v. Biegger, 233 Iowa 1179, 11 NW2d 412 (1943); Peoples State Bank of Belleville v. Allstaedt, 301 Mich 662, 4 NW2d 48 (1942); Ison v. Ison, 410 SW2d 65 (Mo 1967); Murphy v. Wolfe, 329 Mo 545, 45 SW2d 1079 (1932); Menger v. Otero County State Bank, 44 N M 82, 98 P2d 834 (1940); Nannie v. Pollard, 205 N C 362, 171 SE 341 (1933); In re Fulk's Estate, 136 Ohio St 233, 24 NE2d 1020 (1940); Munday v. Federal National Bank, 195 Okla 120, 155 P2d 526 (1945); Forehand v. Light, 452 SW2d 709 (Tex Sup Ct 1970); Greener v. Greener, 116 Utah 471, 212 P2d 194 (1949). *See also,* Reese v. First National Bank of Bellville, 196 SW2d 48, 171 ALR 516 (Tex Civ App 1946). *See generally,* Survivorship in "A or B" Bank Accounts: Application of the Parol Evidence Rule, 25 Baylor L Rev 336 (1973).

[4] In re Pfeifer's Estate, 1 Wis2d 609, 85 NW2d 370 (1957). This is also the practice under the Uniform Probate Code §§ 6-101-(4) and 6-104(a), which has been enacted in Alaska (A.S. §§ 13.31.005(4) and 13.31.020(a)) and Idaho (I.C. §§ 15-6-101(4) and 15-6-104(a)). The comment accompanying the latter section states: "The effect of [§ 6-104(a)], when read with the definition of 'joint account' in 6-101(4), is to make an account payable to one or more of two or more parties a survivorship arrangement unless 'clear and convincing evidence of a different intention' is offered". The underlying assumption is that most persons who use joint accounts want the survivor or survivors to have all balances remaining at death.

[5] *Cf.,* Greenwood v. Beeson, *supra* 253 Or at 323, where the court noted: "The provision for a right of survivorship would, in most instances, express the intent of the parties."

without more, gives rise to a presumption of survivorship, there was sufficient evidence in the present case to override the presumption and to support the conclusion that Ricky did not intend to create in his mother any beneficial interest in the account, either during his lifetime or upon his death.[9] It is not clear from the record and briefs whether this declaratory judgment proceeding was brought as a suit in equity or an action at law. Under either categorization, the judgment must be affirmed because, even if the proceeding is treated as a suit in equity and not as an action at law, our appraisal of the evidence comports with that of the trial court.

The judgment is affirmed.

---

[9] We have consistently held extrinsic and parol evidence of intent admissible. *See* Greenwood v. Beeson, *supra* 253 Or at 324; Holbrook v. Hendricks' Estate, 175 Or 159, 152 P2d 573 (1944).