**SOUTHERN ELECTRIC STEEL COMPANY, Plaintiff-Appellant,**

v.

**The FIRST NATIONAL BANK OF BIRMINGHAM, Defendant-Appellee.**

**No. 75–1670**
**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

July 18, 1975.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**1217**

Jack B. Porterfield, Jr., Thomas F. McDowell, Richard Duke, Birmingham, Ala., for plaintiff-appellant.

Ralph B. Tate, H. L. Ferguson, Jr., Birmingham, Ala., for defendant-appellee.

Before THORNBERRY, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

■ Despite the parties' silence on the question, we have concluded that this appeal must be dismissed for lack of jurisdiction. Southern Electric Steel Company, on behalf of its insurer, sued First National to recover the proceeds of a number of checks cashed by the Bank over endorsements forged by Southern's payroll clerk. The complaint, after reciting that both litigants are citizens of Alabama, rests jurisdiction on the ground

> that the defendant herein, the First National Bank of Birmingham, is a national banking association, established in the Northern District of Alabama, Southern Division, and by virtue of Title 12, Section 94, U.S. Code Annotated, or as provided for by Chapter 2 of Title 12, of the Compiled Laws of the United States relating to national banks; that the amount in controversy exceeds the sum of Ten Thousand Dollars ($10,000.00) exclusive of interest and costs.

App. at 1–2. The Code section relied upon to confer jurisdiction, however, 12 U.S.C. § 94, deals only with the proper venue for suits against national banks: it is not a jurisdictional grant. Moreover, 28 U.S.C. § 1348, which does confer jurisdiction on the federal courts with regard to certain suits involving national banks, clearly was intended to forbid the entertaining of this type of action merely because the bank is federally chartered; to maintain a claim in federal court the plaintiff must plead diversity of citizenship, 28 U.S.C. § 1332, federal question jurisdiction, 28 U.S.C. § 1331, or some other independent jurisdictional base, e. g., 28 U.S.C. § 1337. Herrmann v. Edwards, 1915, 238 U.S. 107, 35 S.Ct. 839, 59 L.Ed. 1224; Burns v. American National Bank and Trust Co., 8 Cir. 1973, 479 F.2d 26; Partain v. First National Bank of Montgomery, 5 Cir. 1972, 467 F.2d 167; Cupo v. Community National Bank and Trust Co., 2 Cir. 1971, 438 F.2d 108; Acker v. Provident National Bank, E.D.Pa.1974, 373 F.Supp. 56, 61–63, aff'd on this point (3rd Cir. 1975), 512 F.2d 729, 732 n.8. See also Mercantile National Bank at Dallas v. Langdeau, 1963, 371 U.S. 555, 566, 83 S.Ct. 520, 526, 9 L.Ed.2d 523, 531. Diversity of citizenship is plainly absent here, and no argument is or could be made that this action "arises under" any federal law, including the National Bank Act. The questions presented are purely ones of state law; the parties rely entirely on state cases and state statutes. See McDaniel v. Painter, 10 Cir. 1969, 418 F.2d 545, 547; cf. Burns v. American National Bank and Trust Co., supra; Partain v. First National Bank of Montgomery, supra; Cupo v. Community National Bank and Trust, supra; Acker v. Provident National Bank, supra. Any purported federal question is therefore "wholly insubstantial and frivolous" and will not support federal jurisdiction. Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939; Noel Estate v. Commercial National Bank in Shreveport, 5 Cir. 1956, 232 F.2d 483, 485. Accordingly, we vacate the judgment of the district court and remand with directions to dismiss the complaint. Costs will be taxed equally between the parties.