Marjorie Ann SHIELDS,
Plaintiff-Appellant,

v.

UNITED STATES NATIONAL BANK
OF OREGON, a National Banking
Corporation, Defendant-Appellee.

No. 76–2824.

United States Court of Appeals,
Ninth Circuit.

May 5, 1978.

---

488

John Bassett, Milwaukie, Or., for plaintiff-appellant.

Charles F. Hinkle, of Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for defendant-appellee.

Before BROWNING and TANG, Circuit Judges, and TAKASUGI,* District Judge.

## PER CURIAM:

In 1953 appellant Marjorie Ann Shields (herein Marjorie) and her minor son, Ricky Dale Shields (herein Ricky), opened a joint savings account with appellee United States National Bank of Oregon (herein Bank). The signature card provided that the account was payable to the surviving joint tenant.

In 1961 Ricky married Lola Shields (herein Lola). Ricky maintained possession of the savings account passbook until his death in January, 1970. Thereafter, Lola assumed possession of the passbook. Bank regulations prohibited withdrawals in the absence of a passbook.

In March, 1970, after Ricky's death, both Marjorie and Lola asserted demands upon the Bank for the proceeds in the account; the Bank refused to pay either claimant absent a judicial determination of entitlement. Lola thereupon initiated a declaratory judgment action in the Oregon state court, naming both Marjorie and the Bank as defendants. For some inexplicable reason the signature card containing the clause for rights of survivorship was *not* introduced into evidence in that proceeding by either Marjorie or the Bank. The state court ruled that the account belonged to Ricky's estate and directed the Bank to remit the proceeds to Ricky's estate. Marjorie appealed and the Supreme Court of Oregon affirmed the judgment of the lower court. 514 P.2d 348 (1973). The Bank paid the account proceeds to Ricky's estate in compliance with the court's judgment.

In January, 1976 Marjorie filed the instant action in the federal district court, claiming the Bank breached its contractual obligations by refusing to pay the proceeds as demanded. The matter was referred to a magistrate who found that the Oregon state judgment was *res judicata* to this suit and recommended dismissal. The district court thereupon ordered summary judgment for the Bank. Marjorie prosecuted this appeal from the judgment.

The question of the district court's jurisdiction over the subject matter of this action was not discussed by the parties or the court during the proceedings below. The Magistrate's Recommendation simply states that "[j]urisdiction is alleged to be based upon the National Banking Act. 12 U.S.C. § 94." (R. 21) Nevertheless, this court is obligated to review the question of subject matter jurisdiction. *Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977).

Marjorie's complaint in this action alleges jurisdiction based solely upon 12 U.S.C. § 94.[1] However, § 94 determines venue in

\* Honorable Robert M. Takasugi, District Judge, Central District of California, sitting by designation.

1. 12 U.S.C. § 94 reads:
   "Venue of suits
   "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any state, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

suits against national banks and as such is not an independent grant of federal jurisdiction. *Southern Electric Steel Co. v. First National Bank of Birmingham*, 515 F.2d 1216 (5th Cir. 1975); *Kirk v. Kirk*, 295 F.Supp. 1001, 1003 (D.Or.1968).

Since the issue of subject matter jurisdiction is determinative of the case, there is no need to reach merits of whether the doctrine of *res judicata* is applicable.

A thorough search of the record reveals no other basis of federal court jurisdiction. Thus, the district court lacked jurisdiction over this action.

For this reason the judgment of the district court is vacated and the cause of action is ordered dismissed.