Submitted June 19, affirmed September 18, 1978

# STATE OF OREGON, *Respondent,*
## *v.*
# JANICE LYNN COONEY, *Appellant.*
## (No. 77-23629, CA 10424)

584 P2d 329

John Daugirda, Eugene, filed the brief for appellant.

James A. Redden, Attorney General, Al J. Laue, Solicitor General, and Gregory A. Parker, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

**LEE, J.**

Defendant appeals her conviction for driving while under the influence of intoxicants, ORS 487.540. Defendant contends that the trial court erred (1) in denying her motion to suppress introduction of the tape recording of the arrest, and (2) in allowing the officer's testimony on the combined effects of Valium and alcohol.

On July 26, 1977, an officer stopped defendant because he suspected that she was under the influence of intoxicants. He then tape recorded all conversation with defendant from the time he approached her car until shortly after she was placed under arrest—23 minutes later. The tape shows that the officer informed defendant that their conversation was being recorded two minutes after they began talking. Prior to receiving this information the defendant disclosed that she did not have her driver's license with her, gave her name and stated that since nine that evening she had had four or five beers. At this point, the officer explained that their conversation was being recorded. Defendant then continued to answer questions, performed several sobriety tests with varying degrees of proficiency,[1] stated that she had about four glasses of beer that night; and explained that she had taken Valium and "pain pills" that evening. Defendant's breathalyzer test indicated that she had .12 percent by weight of alcohol in her blood.[2]

---

[1] The defendant wobbled and crossed over on the toe to heel test. After that test she giggled inappropriately and stated, "I have had a few drinks." Defendant also faltered in reciting the alphabet.

[2] ORS 487.540(1)(a) provides:

"(1) A person commits the offense of driving under the influence of intoxicants if he drives a vehicle while:

"(a) He has .10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, urine or saliva made under ORS 487.805 to 487.815 and 487.825 to 487.835 * * *."

## I

ORS 41.910(1) provides:

"Evidence of the contents of any telecommunication, radio communication or conversation obtained:

"(1) By violation of ORS 165.540 and without a court order under ORS 133.725 shall not be admissible in any court of this state."

ORS 165.540(1)(c) provides:

"(1) Except as otherwise provided in ORS 133.725 or subsections (2) to (5) of this section, no person shall:

"* * * * *

"(c) Obtain or attempt to obtain the whole or any part of a conversation by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, if all participants in the conversation are not specifically informed that their conversation is being obtained."

██ An unambiguous statute should not be interpreted but should be enforced according to its clear language. *West Foods, Inc. v. Morgan, Orr,* 16 Or App 613, 618, 519 P2d 1062, *rev den* (1974). The statutes set forth above proscribe evidence of any part of a conversation obtained without informing all participants. Assuming that it was error to admit the portion of the tape recording which occurred *before* the officer informed defendant of its existence, it was nonprejudicial.

██ The improper admission of evidence constitutes reversible error only if the error is prejudicial to defendant. Or Const, Amended Art VII, § 3; ORS 138.230. Further, an error is prejudicial unless (1) there is substantial and convincing evidence of guilt and (2) the error committed was very unlikely to have changed the result at trial. *State v. Van Hooser,* 266 Or 19, 25-26, 511 P2d 359 (1973).

In the instant case, the jury had the opportunity to listen to 21 minutes of admissible tape recording in which defendant struggled with the sobriety tests, admitted that she had had four glasses of beer and

explained that she had taken Valium and "pain pills" that evening. The jury also had evidence of defendant's .12 breathalyzer results. Finally, the officer testified concerning defendant's erratic driving and unusual demeanor. Under these circumstances we find that the evidence contained in the first two minutes of the tape recording, substantially all of which was later repeated, was very unlikely to have changed the result of the trial.

## II

At trial the following colloquy occurred on redirect examination of the arresting officer:

"[Prosecutor]: Officer, on cross-examination you've been questioned about your training and your experience with respect to Valium. Now what has been your training and experience with respect to Valium and alcohol?

"[Defense]: Object, your Honor. If she wants to go into what he's been trained about that's fine, but not results of those, 'til we have him certified as an expert.

"* * * * *

"[The Court]: I understand the question to be what is the training as to the effects. The objection is overruled.

"[Prosecutor]: What is your training with respect to the effect of the combining of Valium and alcohol?

"[Officer]: Well, my training is, just that, alcohol and Valium will have an increased effect on a person * * *."

■ ■ Defendant contends that the trial court erred in allowing the officer's testimony on the combined effects of alcohol and Valium when his opinion lacked a proper foundation, ORS 44.060.[3] The colloquy can, however, be read as a proper inquiry into the officer's training. Furthermore, defendant did not move to strike the unresponsive answer, or request a cautionary instruction. A party owes the trial court a sound,

[3] ORS 44.060 provides:

"A witness can testify of those facts only which he knows of his own knowledge, that is, which are derived from his own perceptions, except in those express cases in which his opinions or inferences, or the declarations of others, are admissible."

clear and articulate motion, objection or exception, so as to permit the trial judge a chance to consider the legal contention or to correct an error already made. *Shields v. Campbell,* 277 Or 71, 77, 559 P2d 1275 (1977). Thus, there was no preserved error.

■ Defendant's additional assignment of error, regarding an instruction to the jury, does not comply with Rule 7.19 of the Court of Appeals Rules of Procedure which, in part, requires that:

> "Each assignment of error shall be clearly and succinctly stated under a separate and appropriate heading. The assignment of error must be specific and must set out verbatim the pertinent portions of the record."

Defendant's brief fails to set out the portion of the record in which defendant excepted to the instruction, so it is not properly before us.

Affirmed.