Argued and submitted April 29, reversed June 29, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK JOHN TUSEK,
*Appellant.*

(No. B58-052, CA 19478)

630 P2d 892

Dana M. Weinstein, Eugene, argued the cause for appellant. With her on the brief was Bearden & Weinstein, Eugene.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R.

McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Thomas F. Coleman and Patricia A. Vallerand, Eugene, filed a brief Amicus Curiae on behalf of National Committee for Sexual Civil Liberties.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

**ROBERTS, J.**

■     Defendant was charged with violation of ORS 163.455, accosting for deviate purposes. He demurred to the complaint. The demurrer was overruled and defendant was found guilty by a jury and fined $100. The question presented is whether ORS 163.455 is unconstitutional on its face as a violation of the free speech or equal protection provisions of the Oregon and United States Constitutions.[1] We hold that it is unconstitutional on the first ground.

ORS 163.455 was enacted as part of the 1971 Oregon Criminal Code. Or Laws 1971, ch 743, § 119. The offense is defined as follows:

"(1)   A person commits the crime of accosting for deviate purposes if while in a public place he invites or requests another person to engage in deviate sexual intercourse.

"(2)   Accosting for deviate purposes is a class C misdemeanor."

Deviate sexual intercourse is defined at ORS 163.305(1) as:

"* * * sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another."

Since 1971, such sexual conduct performed in private between consenting adults has not been a crime in Oregon. *See* Oregon Criminal Code of 1971, 144-145, Commentary § 114 (1975). The commentary to ORS 163.455 makes it clear the purpose of the statute was not intended to prohibit the underlying conduct, but to discourage "open and aggressive solicitation by homosexuals":

"Accepting the premise that open and aggressive solicitation by homosexuals may be grossly offensive to other persons availing themselves of public facilities, a legitimate public interest arises in discouraging such conduct aside from the propriety or impropriety of the sexual conduct represented by the solicitation.

"The section is intended to discourage indiscriminate *public* seeking for deviate sexual intercourse. It is not intended to reach purely private conversations between

---

[1] The constitutional provisions relied upon by defendant are Art I, § 8 and Art I, § 20 of the Oregon Constitution and the First and Fourteenth Amendments to the U. S. Constitution.

persons having an established intimacy, even if conducted in a public place and related to deviate sexual intercourse.

"There is no requirement that the solicited conduct be for hire. * * *" Oregon Criminal Code of 1971, 156, Commentary § 119 (1975).

The target of the statute is speech. Defendant's contention is that the statute punishes speech protected under both the Oregon and United States Constitutions.[2]

■ The U. S. Supreme Court has allowed prevention and punishment of speech in only three instances: (1) when the speech presents a "clear and present danger" of imminent violence or breach of peace, *Terminiello v. Chicago,* 337 US 1, 4, 69 S Ct 894, 93 L Ed 1131 (1948); *see also, Feiner v. New York,* 340 US 315, 71 S Ct 303, 95 L Ed 295 (1951); (2) when the speech is offensive, i.e., it comprises personally abusive epithets or what has been termed "fighting words," *Chaplinsky v. New Hampshire,* 315 US 568, 62 S Ct 766, 86 L Ed 1031 (1942); *Cantwell v. Connecticut,* 310 US 296, 309, 60 S Ct 900, 84 L Ed 1213 (1940), speech considered obscene, *see Cohen v. California,* 403 US 15, 91 S Ct 1780, 29 L Ed 2d 284 (1971), or defamatory; or

---

[2] *See generally,* Linde, "Without Due Process: Unconstitutional Law in Oregon," 49 Or L Rev 125, 131-35 (1970), as to the hierarchy of state and federal constitutional claims. Our analysis might begin with an analysis of State constitutional claims. *State v. Spencer,* 289 Or 225, 228, 611 P2d 1147 (1980).

Oregon cases have said that Art I § 8 of the Oregon Constitution does not protect obscenity, *State v. Spencer, supra;* speech which presents a clear and present danger of violence, *State v. Marker,* 21 Or App 671, 679, 536 P2d 1273 (1975); language creating a clear and present danger of inimical action, *State v. Boloff,* 138 Or 568, 7 P2d 775 (1936); or libel, *Kilgore v. Koen,* 133 Or 1, 288 P 192 (1930). However, in considering free speech questions, the Oregon courts have most often relied on federal cases interpreting the First Amendment or have grouped state and federal law together. *See State v. Crane,* 46 Or App 547, 612 P2d 735, *rev den* (1980). Though usually declining to extend state constitutional provisions to provide greater protections than their federal counterparts, *see State v. Flores,* 280 Or 273, 570 P2d 965 (1977) (searches and seizures); *Tupper v. Fairview Hospital,* 276 Or 657, 556 P2d 1340 (1976) (due process); *State v. Childs,* 252 Or 91, 447 P2d 304 (1969) (equal protection), the Supreme Court has indicated in *Deras v. Myers,* 272 Or 47, 64, 535 P2d 541 (1975), that, in some instances, Art I § 8 of the Oregon Constitution provides a larger measure of protection to citizens than does the First Amendment to the U. S. Constition. *But see, State v. Childs, supra.* This is not a case, however, in which we need consider whether to extend state constitutional protections beyond those provided by the First Amendement. Even if we interpreted Art I, § 8 to encompass only the protections of the First Amendment and nothing more, ORS 163.455 would impermissibly infringe upon those protections. We have therefore relied upon the substantial federal case law delineating First Amendment protections.

(3) when the speech advocates criminal activity, *Branden-burg v. Ohio,* 395 US 444, 89 S Ct 1827, 23 L Ed 2d 430 (1969). The state does not contend that the speech prohibited here is likely to produce a breach of the peace nor that such language can be termed personally abusive or necessarily obscene.

The state urges us to adopt a narrow interpretation of the statute so that it prevents only the third category of permissibly prohibited speech:   that advocating criminal activity. To this end, the state argues that ORS 163.455 should be construed to prohibit an invitation in a public place to engage in deviate sexual intercourse *only when the invited sexual activity is to occur in a public place.* Deviate sexual intercourse performed in, or in view of, a public place is public indecency, a class A misdemeanor. ORS 163.465(1)(b). To support its argument, the state points out that courts in several other jurisdictions have so interpreted similar statutes to save their constitutionality. *Pryor v. Municipal Court,* 25 Cal 3rd 238, 599 P2d 636 (Cal Sup Ct 1979); *District of Columbia v. Garcia,* 335 A2d 217 (DC App), *cert denied* 423 US 894 (1975); *Riley v. United States,* 298 A2d 228 (DC App), *cert denied* 414 US 840 (1973); *Rittenour v. District of Columbia,* 163 A2d 558 (DC Mun App 1960); *Cherry v. State,* 18 Md App 252, 306 A2d 634 (1973); *Commonwealth v. Balthazar,* 366 Mass 298, 318 NE 2d 478 (1974); *Pedersen v. City of Richmond,* 219 Va 1061, 254 SE2d 95 (1979). The statutes involved variously forbade acts that were "unnatural and lascivious," "lewd or dissolute," "indecent," "obscene or immoral." In each case, the statutes were challenged as vague. In each case, the court interpreted the statute only to prohibit solicitations to perform acts which would in themselves be punishable as crimes.[3]

■       The situation in the case before us is somewhat different. We are analyzing a statute which is, on its face, not vague. ORS 163.455 prohibits an invitation or request, made in a public place, to engage in oral or anal intercourse. *Were* the statute vague, like those of other states

---

[3] *Compare People v. Gibson,* 184 Colo 444, 521 P2d 774 (1974), finding unconstitutional a statute forbidding loitering for the purpose of soliciting deviate sexual intercourse, where consensual deviate sexual intercourse was not a crime.

cited to us, it would be our duty to attempt to interpret it to save its constitutionality. *State v. Crane, supra,* at n. 2, 46 Or App at 549; *State v. Page,* 43 Or App 417, 602 P2d·1139 (1979). However, where the statute is clear on its face as to the type of conduct to be deterred, it is not the duty of the court to rewrite the statute to correct the actions of the legislature. *Lane County v. R. A. Heintz Const. Co.,* 228 Or 152, 364 P2d 627 (1961); *see State v. Collins,* 43 Or App 265, 602 P2d 1081 (1979); *State v. Cooney,* 36 Or App 217, 584 P2d 329 (1978).[4]

This court has said that where First Amendment rights are involved, statutes must be strictly tested. *State v. Crane, supra,* 46 Or App at 557; *see State v. Hodges,* 254 Or 21, 457 P2d 491 (1969). ORS 163.455, on its face, punishes speech which is not obscene or abusive or likely to create imminent public harm or criminal activity. The statute as it now stands thus makes it a crime to ask another person to participate in an act which is not itself a crime. We find ourselves in agreement with the courts in Virginia and Maryland, which noted:

"It would be illogical and untenable to make solicitation of a noncriminal act a criminal offense." *Pedersen v. City of Richmond, supra,* 254 SE 2d at 98,

"* * * [I]t would be anomalous to punish someone for soliciting another to commit an act which is not itself a crime * * *." *Cherry v. State, supra,* 306 A2d at 640.

The type of speech contemplated by ORS 163.455 is not within one of the three general categories of speech which the U. S. Supreme Court has said may be prohibited. Defendant's attack on the facial constitutionality of the statute can be withstood only if the statute is *not* susceptible of application to protected speech. *Lewis v. New Orleans,* 415 US 130, 94 S Ct 970, 39 L Ed 2d 214 (1974); *Gooding v. Wilson,* 405 US 518, 92 S Ct 1103, 31 L Ed 2d

---

[4] It seems unlikely the Legislature could have intended the result the state urges. Performing an act of deviate sexual intercourse in public or in view of the public is, as noted, public indecency violative of ORS 163.465(1)(b), a class A misdemeanor. The criminal solicitation statute, ORS 161.435, makes it a class B misdemeanor to solicit another to engage in conduct amounting to a class A misdeameanor. Therefore, the conduct which the state urges us to interpret as a class C misdemeanor under ORS 163.455 is *already* a class B misdemeanor, through the operation of two other criminal statutes. The state's construction of ORS 163.455 would put it in direct conflict with another part of the criminal code.

408 (1972); *State v. Spencer, supra.* It cannot be so construed. We therefore hold that ORS 163.455 prohibits speech that comes within the protections of the First Amendment and Art I § 8 of the Oregon Constitution. It is therefore void. Defendant's conviction is reversed.[5]

Reversed.

---

[5] Because of our disposition of this case, we do not consider defendant's equal protection claims.