IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10729
Summary Calendar
_____

ALIMADAD JATOI,

Plaintiff-Appellant,

versus

GUARANTY FEDERAL BANK, F.S.B.,

Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-3095-L
--------------------
May 19, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alimadad Jatoi appeals the district court's dismissal of his complaint, which sought a declaratory judgment that he owes Guaranty Federal Bank ("Guaranty") nothing on a promissory note. Jatoi's motion to amend the record on appeal with his pretrial order and his motion for leave to file a supplemental reply brief are GRANTED. His motions to supplement the record with documents from other proceedings, to file exhibits with his reply brief, and to file exhibits with the supplemental reply brief are

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

DENIED. Jatoi's motion to file an untimely reply to Guaranty's response to a motion for sanctions is GRANTED.

When we are in doubt about the district court's exercise of subject-matter jurisdiction, we are obliged to raise the issue sua sponte. In re Bass, 171 F.3d 1016, 1021 (5th Cir. 1999). The declaratory judgment statute, 28 U.S.C. § 2201, authorizes relief only when another basis for jurisdiction is present. TTEA v. Ysleta del Sur Pueblo, 181 F.3d 676, 681 (5th Cir. 1999). None exists. The parties are not diverse, see 28 U.S.C. §§ 1332, 1348, and Jatoi's complaint suggested he was seeking to invoke federal-question jurisdiction under 28 U.S.C. § 1331. However, federal-question jurisdiction is not triggered merely because one of the parties is a federally-chartered bank. Southern Elec. Steel Co. v. First Nat'l Bank of Birmingham, 515 F.2d 1216, 1217 (5th Cir. 1975); see also 28 U.S.C. § 1349. Nor does Jatoi's complaint credibly suggest that Guaranty acted in concert with the federal government so as to make the bank liable for a civil rights violation as a federal actor. See Morast v. Lance, 807 F.2d 926, 931 (11th Cir. 1987); see also Bass v. Parkwood Hosp., 180 F.3d 234, 241-42 (5th Cir. 1999) (42 U.S.C. § 1983 case). Finally, we have considered and rejected the possibility that 28 U.S.C. § 1334 could have authorized Jatoi's complaint. Accordingly, we RENDER judgment DISMISSING Jatoi's complaint for lack of subject-matter jurisdiction. See J.A.R., Inc. v. M/V LADY LUCILLE, 963 F.2d 96, 100 (5th Cir. 1992).

Both Jatoi and Guaranty have filed motions for sanctions. Fed. R. App. P. 38 authorizes us to grant a motion for sanctions

if we determine that an appeal is frivolous.  An appeal is frivolous if it "involves legal points not arguable on their merits."  <u>Travelers Ins. Co. v. Liljeberg Enters., Inc.</u>, 38 F.3d 1404, 1413 (5th Cir. 1994).  In light of the disposition of this appeal, we DENY Jatoi's motion.  However, we agree with Guaranty that Jatoi's appeal is frivolous; accordingly, we GRANT Guaranty's motion for sanctions to the extent it seeks to recover its costs for defending this appeal.  We DIRECT Guaranty to file a bill of costs together with an affidavit setting forth expenses and attorney's fees reasonably incurred by it in connection with this appeal.  <u>See</u> Fed. R. App. P. 39; 5th Cir. R. 39, 47.8.1.

MOTION TO AMEND RECORD ON APPEAL GRANTED; MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY BRIEF GRANTED; MOTION TO SUPPLEMENT DENIED; MOTION TO FILE EXHIBIT WITH REPLY BRIEF DENIED; MOTION TO FILE EXHIBIT WITH SUPPLEMENTAL REPLY BRIEF DENIED; MOTION FOR LEAVE TO FILE UNTIMELY REPLY GRANTED; JUDGMENT RENDERED AND APPEAL DISMISSED FOR WANT OF JURISDICTION; SANCTIONS IMPOSED; APPELLEE DIRECTED TO FILE BILL OF COSTS AND AFFIDAVIT OF REASONABLE EXPENSES AND ATTORNEY'S FEES.