**James D. SUMMERS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–92–057–CR.**

Court of Appeals of Texas, Eastland.

Dec. 31, 1992.

Rehearing Denied Jan. 28, 1992.

Jim Parker, Comanche, for appellant.

Andy McMullen, Dist. Atty., Hamilton, for appellee.

## OPINION

McCLOUD, Chief Justice.

The jury convicted appellant of attempted sexual performance by a child, and the trial court assessed punishment at confinement for five years. The imposition of the sentence was suspended, and appellant was placed on probation for five years. We affirm.

There is no challenge to the sufficiency of the evidence. In his sole point of error, appellant contends that the trial court erred in denying his motion to quash the indictment because the conduct complained of, even if it occurred exactly as alleged by the State, does not constitute a felony offense against the laws of the State of Texas. We disagree.

The indictment alleged that on or about October 7, 1990, appellant:

[D]id then and there intentionally, with the specific intent to commit the offense of sexual performance by a child upon [B.A.P.], do an act, to-wit: verbally entice [B.A.P.], a child who was then and there younger than seventeen (17) years of age and who was not the spouse of Defendant, to engage in deviate sexual intercourse, to-wit: oral intercourse, which amounted to more than mere preparation, that tended but failed to effect the commission of the offense intended.

The offense of sexual performance by a child is defined in TEX.PENAL CODE ANN. § 43.25(b) (Vernon 1989) as:

A person commits an offense if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than 17 years of age *to engage in sexual conduct or a sexual performance.* (Emphasis added)

TEX.PENAL CODE ANN. § 43.25(a) (Vernon 1989) states in part:

(1) "Sexual performance" means any performance or part thereof that includes sexual conduct by a child younger than 17 years of age.

(2) "Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals.

(3) "Performance" means any play, motion picture, photograph, dance, or other visual representation that can be exhibited before an audience of one or more persons.

TEX.PENAL CODE ANN. § 15.01 (Vernon Supp.1993) defines criminal attempt. The indictment sufficiently tracks the statutes so as to apprise appellant of the offense for which he was charged. TEX.CODE CRIM. PRO.ANN. art. 21.17 (Vernon 1989).

Appellant argues that, had the complainant been under the age of fourteen, an offense might have been committed under TEX. PENAL CODE ANN. § 25.06 (Vernon 1989), solicitation of a child. Appellant contends that the legislature did not intend to expand the coverage of Section 25.06 when it amended Section 43.25(b) in 1985 by adding the words "sexual conduct." Appellant argues that the legislature intended for sexual conduct to be taken in the context of "sexual performance exhibiting sexual conduct." We disagree.

Regardless of the complainant's age, the allegations in the indictment do not state an offense under Section 25.06. Solicitation of a child, as defined by Section 25.06(a), occurs when a person:

[E]ntices, persuades, or invites a child younger than 14 years *to enter a vehicle,*

*building, structure, or enclosed area* with intent to engage in or propose engaging in sexual intercourse, deviate sexual intercourse, or sexual contact with the child or with intent to expose his anus or any part of his genitals to the child. (Emphasis added)

Nowhere in the indictment was it alleged that appellant did anything to get the complainant "to enter a vehicle, building, structure or enclosed area."

■ We disagree with appellant's argument concerning the expansion of solicitation of a child offense, Section 25.06, through the addition of the words "sexual conduct" to Section 43.25. Solicitation of a child involves enticing, persuading, or inviting a child to enter a vehicle, building, structure, or enclosed area for the purpose of engaging in sexual activity or for the purpose of proposing that the child engage in sexual activity. Section 43.25(b) involves employing, authorizing, or inducing a child to engage in sexual conduct or a sexual performance. Both the terms "sexual conduct" and "sexual performance" are defined in Section 43.25(a).

Prior to 1985, Section 43.25(b) provided that an offense occurred if a person employed, authorized, or induced a child younger than 17 years of age "to engage in a sexual performance." In 1985, the legislature amended Section 43.25(b) to read "to engage in sexual conduct or a sexual performance." The post-amendment language of Section 43.25(b) indicates the legislature's intent that employing, authorizing, or inducing a child to engage in either sexual conduct or sexual performance is an offense under Section 43.25(b). We disagree with appellant's contention that, by adding the words "sexual conduct or" to the statute, the legislature intended to limit the offense to only sexual performance as defined by Section 43.25(a)(1) and not to include sexual conduct as defined by Section 43.25(a)(2).

The indictment alleged an offense against *the laws of the State of Texas* as defined by Section 43.25(b). Therefore, the trial court did not err in denying the motion to quash, and appellant's point of error is overruled.

The judgment of the trial court is affirmed.