PD-1088-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/9/2015 10:42:07 AM
Accepted 10/9/2015 3:14:48 PM
ABEL ACOSTA
CLERK

# COURT OF CRIMINAL APPEALS

_____

## NO.

## 05-15-00355-CR

_____

## EX PARTE JEFFREY WAYNE FUJISAKA

_____

## PETITION FOR DISCRETIONARY REVIEW FROM THE JUDGMENT OF THE TEXAS FIFTH COURT OF APPEALS

_____

## PETITION OF DEFENDANT-APPELLANT

_____

**ORAL ARGUMENT**
**REQUESTED**

**F. CLINTON BRODEN**
**TX Bar No. 24001495**
**Broden, Mickelsen, Helms & Snipes**
**2600 State Street**
**Dallas, Texas 75204**
**(214) 720-9552**
**(214) 720-9594(facsimile)**

**Attorney for**
**Jeffrey Wayne Fujisaka**

FILED IN
COURT OF CRIMINAL APPEALS

October 9, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

**Plaintiff-Appellee:** State of Texas

**Trial Counsel:** Sarah Preston
Wes Wynne
Collin County District Attorney's Office
2100 Bloomdale Rd, Suite 100
McKinney, TX 75071

**Appellate Counsel:** John Rolater
Collin County District Attorney's Office
2100 Bloomdale Rd, Suite 100
McKinney, TX 75071

**Defendant-Appellant:** Jeffrey Wayne Fujisaka

**Trial Counsel:** F. Clinton Broden
Broden, Mickelsen, Helms & Snipes, LLP
2600 State Street
Dallas, Texas 75204

**Appellate Counsel:** F. Clinton Broden
Broden, Mickelsen, Helms & Snipes, LLP
2600 State Street
Dallas, Texas 75204

**Appellate Judges:** Robert M. Fillmore
David Bridges
Lana Meyers

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL......................................................................2

TABLE OF CONTENTS............................................................................................3

TABLE OF AUTHORITIES.......................................................................................5

STATEMENT REGARDING ORAL ARGUMENT........................................................2

STATEMENT OF THE CASE....................................................................................3

STATEMENT OF PROCEDURAL HISTORY...............................................................5

QUESTION PRESENTED FOR REVIEW....................................................................6

ARGUMENT..........................................................................................................7

    I. The Statute at Issue.......................................................................................8

        A. Elements............................................................................................8

        B. Reach of the Statute............................................................................8

    II. Tex. Penal Code § 43.25 is Facially Unconstitutional.................................9

        A. First Amendment Facial Challenges to Criminal Statutes...................9

            1. § 43.25 Punishes "Speech".........................................................11

            2. § 43.25 Punishes the "Content of Speech"...............................13

        B. Inducing Sexual Conduct...................................................................14

        C. Inducing Sexual Performance.............................................................18

III. The Court of Appeals Opinion is Wrongly Decided and Could have Serious Implications..................................................................................21

PRAYER.......................................................................................................25

CERTIFICATE OF SERVICE.......................................................................27

CERTIFICATE OF COMPLIANCE..............................................................28

4

# INDEX OF AUTHORITIES

**Page**

## Cases

*Ashcroft v. Free Speech Coalition,* 535 U.S. 234 (2002).......................2, 18, 19, 20, 21

*Bartnicki v. Vopper,* 532 U.S. 514 (2001)...................................................................12

*City of Dallas v. Stanglin,* 490 U.S. 19 (1989)............................................................12

*City of Houston, Tex. v. Hill,* 482 U.S. 451 (1987).................................................11, 24

*Ex Parte Lo,* 424 S.W.3d 10 (Tex. Crim. App. 2013).............................................*passim*

*Ex Parte Perry,* 2015 WL 4514696 (Tex. App. - Austin July 24, 2015).......................7

*Ex Parte Thompson,* 442 S.W.2d 325 (Tex. Crim. App. 2014)..........2, 7, 9, 10, 13, 18

*Leal v. State of Texas,* No. 01-14-00487-CR (Tex. App. [Houst. 1st] Dec. 2, 2014).....3

*Loper v. New York City Police Dept.,* 999 F.2d 699 (2nd Cir. 1993).....................11, 12

*Melder v. State,* 2014 WL 1922570 (Tex. App. - Tyler, May 14, 2014).......................9

*Members of City Council of City of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789 (1984)..................................................................................................................22

*New York v. Ferber,* 458 U.S. 759 (1982)....................................................19, 20, 21

*Scott v. Texas,* 173 S.W.3d 856 (Tex. App. - Texarkana 2005), *rev'd on other grounds,* 235 S.W.3d 255 (Tex. Crim. App. 2007).........................................................8

*State v. Blankenship,* 146 S.W.3d 218 (Tex. Crim. App. 2004)....................................9

*State v. Melchert-Dinkel,* 844 N.W.2d 13 (Minn. 2014)..................................11, 14, 15

*State v. Tusek,* 630 P.2d 892 (Or. App. 1981).........................................................15, 16

*Summers v. State,* 845 S.W.2d 440 (Tex. App. - Eastland 1992)....................................8

*United States v. O'Brien,* 391 U.S. 367 (1968).............................................................12

*United States v. Playboy Entertainment Group, Inc.,* 529 U.S. 803 (2000)................10

*United States v. Stevens,* 559 U.S. 460 (2010)..............................................2, 18, 19, 20

## Statutes, Rules and Constitutional Provisions

Tex. Penal Code § 15.031............................................................................................9

Tex. Penal Code § 21.11...........................................................................*9,* 17, 18, 25

Tex. Penal Code § 22.011..........................................................................9, 17, 18, 25

Tex. Penal Code § 22.021.........................................................................16, 17, 18, 25

Tex. Penal Code § 43.25....................................................................................*passim*

Tex. R. App. P. 9. 10.....................................................................................................3

Tex. R. App. P. 66.3.....................................................................................................7

U.S. Constitution Amendment I.........................................................................*passim*

## Other Authorities

Antonio Haynes, *The Age of Consent: When is Sexting No Longer "Speech Integral to Criminal Conduct?"* 97 Cornell L. Rev. 369 (2012)................................................20

Black's Law Dictionary 790 (8th Ed. 2004)................................................................9

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Fujisaka submits that oral argument is imperative in this case. This case involves complex First Amendment analysis relating to the constitutional validity of a criminal statute. Consequently, it requires the Court to analyze the applicability of the statute to a myriad of circumstances. Moreover, the analysis requires careful consideration of two recent opinions by this Court[1] as well as two relatively recent United States Supreme Court cases.[2] In sum, this is the exact type of case that would benefit from a full discussion at an oral argument.

---

[1] *Ex Parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013) and *Ex Parte Thompson*, 442 S.W.2d 325 (Tex. Crim. App. 2014).

[2] *Ashcroft v. Free Speech Coalition,* 535 U.S. 234 (2002) and *United States v. Stevens*, 559 U.S. 460 (2010).

2

## STATEMENT OF THE CASE

Because this appeal relates to a facial challenged to Tex. Penal Code § 43.25, the underlying facts of the case are "irrelevant." *Lo*, 424 S.W.3d at 14, n.2. Nevertheless, to put the case in context, Mr. Fujisaka offers this brief factual recitation based on the discovery provided in the case.

The Complainant, ED,[3] alleges that she and Mr. Fujisaka had a consensual relationship that involved "sexual contact" (without actual sexual intercourse) at a time when she was seventeen years of age and Mr. Fujisaka was forty-three years of age. While unseemly, the parties appear to agree that it is perfectly permissible under Texas law for a forty-three year old to have a sexual relationship with a seventeen year old.

Nevertheless, after authorities determined they could not charge Mr. Fujisaka with any type of sexual assault, they learned that, when Mr. Fujisaka would travel to

---

[3]The Court of Appeals entered a *sua sponte* order requiring the parties to identify the complainant by initials. Mr. Fujisaka believes this order to be in error as Tex. R. App. P. 9.10 only disallows the use of a complainant's name who is *under* seventeen at the time of the alleged offense. *Cf. Leal v. State of Texas*, No. 01-14-00487-CR (Tex. App. [Houst. 1st] Dec. 2, 2014) (Striking brief which identified complainant who "was *under 17 years of age* at the time the offense was committed (emphasis added)." Moreover, Rule 9.10 clearly does not distinguish between complainants who are minors and appellants who are minors. Nevertheless, when criminal cases involve seventeen year old defendants, this Court (as well as all other appellate courts in the state) does not require redaction and always states the full name of the seventeen year old in its opinions.

Still, in respect to the Court of Appeals' order, Mr. Fujisaka refers to complainant by her initials in this Petition for Discretionary Review.

3

Asia on business, he and ED would "skype" (a video phone call over the internet). It is alleged that, during some of those "skype sessions," ED would masturbate herself. These sessions were not recorded by either Mr. Fujisaka or ED and were private between the two of them.

## STATEMENT OF PROCEDURAL HISTORY

Jeffrey Wayne Fujisaka was charged by indictment returned on February 15, 2015 with four counts of knowingly inducing ED to engage in sexual conduct or sexual performance in violation of Tex. Penal Code § 43.25 . CR at 94-95[4]

Mr. Fujisaka filed a Pretrial Writ of Habeas Corpus to Declare Tex. Penal Code § 43.25 Unconstitutional. *Id*. at 99-109. The Writ was denied on February 26, 2015. *Id*. at 145. Mr. Fujisaka filed a Notice of Appeal from that denial on March 2, 2015. *Id*. at 150-51.

On August 25, 2015, the Fifth Court of Appeals filed its opinion affirming the trial court's order denying relief. *See* Appendix A.

---

[4]References to the Clerk's Record ("CR") refer to the page number.

## QUESTION  PRESENTED FOR REVIEW

Whether Tex. Penal Code § 43.25 is facially unconstitutional under the First Amendment to the United States Constitution.

**ARGUMENT**

Within the last few years, this Court decided two First Amendment cases and declared portions of criminal statutes at issue in both cases unconstitutional. Recently, the Third Court of Appeals, in the case of former Governor Perry, declared part of another criminal statute unconstitutional on First Amendment grounds and this Court granted expedited review.[5] Two days prior to *Perry* being decided, the Ninth District Court held another portion of the statute at issue in *Lo* to be unconstitutional and the State has taken an appeal.[6]

The Court of Appeals' decision in this case is contrary to this Court's teachings in *Lo* and *Thompson.* Moreover, the Court of Appeals' decision acknowledges that this case could affect a parent's ability to counsel their children about sexual activity. *See* Attachment A at 10. This case also presents an important question of constitutional law that should be reviewed by this Court. Finally, it appears that the reach of First Amendment protections viz-a-viz criminal statutes has been a recurring question recently and that the lower courts would benefit from further guidance by this Court. For those reasons, Discretionary Review is warranted in this case. *See* Tex. R. App. P. 66.3(b) and (C).

---

[5] *Ex parte Perry,* 2015 WL 4514696 (Tex. App-Austin July 24, 2015).

[6] *See* 09-15-00361-CR

7

## I. THE STATUTE AT ISSUE

### A. Elements

Tex. Penal Code § 43.25 makes it a third degree felony when a person, knowing the character and content thereof, employs, authorizes, or induces a child younger than 18 years of age to engage in sexual conduct or a sexual performance. The elements that must be proven to establish a violation of the statute are:

1. A PERSON

2. KNOWING THE CHARACTER AND CONTENT OF THE SEXUAL CONDUCT *OR* SEXUAL PERFORMANCE

3. EMPLOYS, AUTHORIZES, OR INDUCES A CHILD UNDER 18 YEARS OF AGE

4. TO ENGAGE IN SEXUAL CONDUCT OR PERFORMANCE

### B. Reach of the Statute

Case law holds that Tex. Penal Code § 43.25 reaches authorizing or inducing either "sexual conduct" *or* "a sexual performance." *See, e.g., Summers v. State,* 845 S.W.2d 440, 442 (Tex. App.–Eastland 1992). For purposes of proving **"inducement"** under § 43.25, case law holds that it is enough to show that a defendant has used "persuasion" to produce sexual conduct. *See, Scott v. Texas*, 173 S.W.3d 856, 862 (Tex. App. -Texarkana 2005), *rev'd on other grounds*, 235 S.W.3d 255 (Tex. Crim.

8

App. 2007). Similarly, "Black's Law Dictionary defines 'inducement' as '[t]he act or process of enticing or persuading another to take a certain course of action.'" *Id. citing*, Black's Law Dictionary 790 (8th Ed. 2004).

Moreover, according to case law, this statute also covers parents who **authorize**[7] "sexual conduct" by their own children. *Melder v. State*, 2014 WL 1922570 (Tex. App. – Tyler, May 14, 2014).

Of course, most of what Tex. Penal Code § 43.25 criminalizes is actually prohibited by other statutes. For example, Tex. Penal Code § 22.011 prohibits a person from engaging in most forms of sexual conduct with a child under the age of seventeen. Tex. Penal Code § 21.11 prohibits a person from having sexual contact with a child under the age of seventeen. Tex. Penal Code § 15.031 prohibits a person from attempting to induce any other person to engage in felonious behavior.

## II. TEX. PENAL CODE § 43.25 IS FACIALLY UNCONSTITUTIONAL

### A. First Amendment Facial Challenges to Criminal Statutes

As noted above, the Court of Appeals' opinion in the instant case conflicts with the reasoning in both *Lo* and *Thompson*. *Lo* held a portion of Texas's online solicitation of a minor statute unconstitutional under the First Amendment and

---

[7]"Authorize" is typically defined as, *inter. alia*, "to give authority for, approve, sanction, confirm." *State v. Blankenship*, 146 S.W.3d 218, 220, n.6 (Tex. Crim. App. 2004).

*Thompson* held Texas's improper photography statute unconstitutional under the First

Amendment.

As this Court explained in *Lo*:

[W]hen the government seeks to restrict and punish speech based on its content, the usual presumption of constitutionality is reversed. Content-based regulations (those laws that distinguish favored from disfavored speech based on the ideas expressed) are presumptively invalid, and the government bears the burden to rebut that presumption. The Supreme Court applies the "most exacting scrutiny to regulations that suppress, disadvantage, or impose differential burdens upon speech because of its content."

* * * *

To satisfy strict scrutiny, a law that regulates speech must be (1) necessary to serve (2) compelling state interest and (3) narrowly drawn. A law is narrowly drawn if it employs the least restrictive means to achieve its goal and if there is a close nexus between the government's compelling interest and the restriction. If a less restrictive means of meeting the compelling interest could be at least as effective in achieving the legitimate purpose that the statute was enacted to serve, then the law in question does not satisfy strict scrutiny.

*Lo*, 424 S.W.3d at 15-16 (citations and footnotes omitted). *See also Thompson*, 442

S.W. 3d at 344-347.

"It is rare that a regulation restricting speech because of its content will ever

be permissible." *United States v. Playboy Entertainment Group, Inc.*, 529 U.S. 803,

818 (2000).

10

## 1. § 43.25 Punishes "Speech"

The Court of Appeals below noted that "inducing" or "authorizing" "need not involve any speech at all." *See* Attachment A. at 6-7. While that is true as a literal matter, it is equally true that a large part of what is regulated by § 43.25 *does* involve speech.

As noted above, for purposes of proving "inducement" under § 43.25, it is enough to show that a defendant has used "persuasion" to produce sexual conduct. Likewise, a parent who gives authority for or approves or sanctions activity has "authorized" the activity using the dictionary definition of "authorize."

The First Amendment does not *only* cover statutes that use the word "speech" or a perfect synonym of the word "speech." For example, in *City of Houston, Tex. v. Hill*, 482 U.S. 451, 466 (1987) the United States Supreme Court overturned a municipal ordinance making it unlawful to "interrupt" police officers in performance of duties because it "criminalizes a substantial amount of constitutionally protected speech." In *Loper v. New York City Police Dept.,* 999 F.2d 699, 704 (2nd Cir. 1993) the Second Circuit found that a statute prohibiting loitering for the purpose of "begging" to be violative of the First Amendment because "[b]egging frequently is accompanied by speech." In *State v. Melchert-Dinkel*, 844 N.W. 2d 13 (Minn. 2014), the Minnesota Supreme Court recently found that a portion of a state statute which

11

proscribed the "advising or encouraging" another to commit suicide violated the First Amendment.

Clearly, the use of persuasion to induce an action "frequently is accompanied by speech." *Loper,* 999 F.2d at 704. Moreover, contrary to the Court of Appeals' conclusion, "inducing" is certainly no more divorced from "speech," than the ordinances/statutes dealing with "interrupting," or "begging" or "encouraging" that are discussed below. Indeed, the suggestion by the Court of Appeals that this statute only involves situations where there is simply "some kernel" of speech is plainly wrong. To compare the act of "inducing," to the acts of physically "burning a draft card" or "walking down the street or meeting one's friends at a shopping mall,"as the Court of Appeals attempts to do here, is misplaced and sets a dangerous First Amendment precedent contrary to this Court's decisions. *See* Attachment A at 7.[8]

Simply put "[t]he normal method of deterring unlawful *conduct* is to impose an appropriate punishment on the person who engages in [the conduct]. *Bartnicki v. Vopper*, 532 U.S. 514 (2001) (emphasis added). Thus, while it may be possible to think of situations where a person "induces" or "authorizes" another's actions by some other method than speech, Mr. Fujisaka submits that such situations are in the

---

[8]*Citing United States v. O'Brien*, 391 U.S. 367, 376 (1968) and *City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989).

12

minority.

## 2. § 43.25 Punishes the "Content of the Speech"

The Court of Appeals did agree with Mr. Fujisaka that, to the extent § 43.25 regulates speech, it *is* a content based restriction. *See* Appendix at 9.

As noted by this Court in *Lo*, "[i]f it is necessary to look at the content of the speech in question to decide if the speaker violated the law, then the regulation is content-based." *Lo*, 424 S.W.3d at 15 n. 1. There the Court held that prohibiting an adult from communicating with a minor via the internet is content-neutral, but a statute that prohibits an adult from communicating with a minor via the internet in a sexually explicit manner *is* content-based. Similarly, in *Thompson*, this Court observed:

> [T]he statutory provision at issue does not penalize all non-consensual acts of taking photographs and making visual recordings. A statute that did so would be content neutral, but it is doubtful that such a broad prohibition would satisfy intermediate scrutiny. The provision at issue here penalizes only a subset of non-consensual image and video producing activity- that which is done with the intent to arouse or gratify sexual desire. We find this discrimination to be content based

*Thompson*, 442 S.W2d at 347.

Here, there can be little debate that § 43.25 is a content based law because it only punishes the type of speech that induces sexual type behavior (either by conduct

or by performance).[9]

## B.  Inducing Sexual Conduct

It is first helpful to review a 2014 out-of-state case that demonstrates the constitutional issue with criminalizing the inducement of non-criminal behavior.  At issue in *Melchert-Dinkel*, 844 N.W. 2d 13 was Minnesota's statute, a portion of which proscribed the "advising or encouraging" (*i.e.* inducing or persuading) another to commit suicide.  A unanimous Minnesota Supreme Court found this portion of the statute to be an unconstitutional infringement on the First Amendment despite the disturbing facts of the case where the defendant was "an online predator who was encouraging people to commit suicide by hanging."  *Id*. at 17.  The Minnesota Supreme Court first found that the statute punished "content-based" speech. *Id*. 18-19.  It next rejected the State's argument that the statute proscribed "speech that falls under the 'speech integral to criminal conduct' exception to the First Amendment." *Id.* at 19.

> [T]he Supreme Court has never recognized an exception to the First Amendment for speech that is integral to merely harmful conduct, as opposed to illegal conduct.

* * * *

---

[9]For example, it punishes a father who explicitly tells his son it is okay for a son to masturbate in his room but does not punish a father who explicitly forbids a son from masturbating in his room.

14

> [T]he obvious problem is that suicide is no longer a criminal act in any jurisdiction relevant to this matter. *It is difficult to articulate a rule consistent with the First Amendment that punishes an individual for "inciting" activity that is not actually "lawless action."* Thus, the State's argument fails because suicide is not unlawful and cannot be considered "lawless action."

*Id*. at 20-21 (emphasis added).[10] Similarly, in regard to the statute at issue in the instant case, "the obvious problem" is that encouraging another to engage in "sexual conduct" that is not necessarily in itself illegal is as offensive to the First Amendment as encouraging another to commit suicide in a state where suicide is not illegal.

Another interesting out-of-state case is *State v. Tusek*, 630 P.2d 892 (Or. App. 1981) holding that an Oregon statute proscribing accosting a person for deviate purposes was unconstitutional on its face. The statute was designed to prevent aggressive solicitation by homosexuals and prohibited a person from requesting another person to engage in deviate sexual intercourse while in a public place. *Id*. at 892-93. In declaring the statute unconstitutional, the Oregon Court zoned in on the

---

[10]*See also Melchert-Dinkel*, 844 N.W. 2d at 20 ("The State urges us to hold, as did the court of appeals, that the 'speech integral to criminal conduct' exception applies here because speech that intentionally advises, encourages, or assists another in committing suicide 'is an integral part of the criminal conduct of physically assisting suicide.' But the statute, on its face, does not require a person to physically assist the suicide." ).

Likewise, § 43.25 requires only that a defendant knowingly induce sexual conduct involving a person under eighteen. It does *not* require the defendant to be the one to participate in the sexual conduct.

15

problem: "The statute as it now stands thus makes it a crime to ask another person to participate in an act which is not itself a crime." *Id*. at 894.

> We find ourselves in agreement with the courts in Virginia and Maryland, which noted:
>
>> "It would be illogical and untenable to make solicitation of a noncriminal act a criminal offense." *Pedersen v. City of Richmond, supra*, 254 S.E.2d at 98,
>>
>> "(I)t would be anomalous to punish someone for soliciting another to commit an act which is not itself a crime * * *." *Cherry v. State, supra*, 306 A.2d at 640.

*Tusek*, 630 P.2d at 894-95. Again, that is exactly what § 43.25 does when it makes it a crime to request another to engage in "sexual conduct" which is not necessarily itself a crime.[11]

Turning to the two recent Texas cases. *Lo* dealt with Tex. Penal Code § 22.021(b) which prohibited a person from online communications with a person *under seventeen years of age* for the purpose of sexual gratification. *Lo*, 424 S.W.3d 17. This Court unanimously noted that this subsection of the statute "most assuredly" regulated the content of speech. *Id*. at 25. It likewise held that the State could not satisfy its heaving burden of showing the portion of the statute being challenged did not violate the First Amendment. *Id*. at 18.

---

[11]For example, it is not a crime for a person of any age to masturbate nor is it a crime in Texas for an adult to have sexual relations with a seventeen years old or older.

16

*Lo* contains two discussions which undoubtedly informs the analysis of the instant statute. First, as noted above, in *dicta* it held that a non-challenged portion of the statue which proscribed using the computer to actually solicit a person *under seventeen years old* to engage in sexual contact was not unconstitutional because the prohibition was " designed to induce a minor to commit an *illegal* sex act." *Id*. at 26 (emphasis added). In contrast, § 43.25 prohibits the inducement of *legal* sex acts. Second, *Lo* discussed the concept of preventing the "grooming" of children which is exactly what the State apparently contends Mr. Fujisaka did to ED.

> But even if the Legislature did have an intent to prohibit "grooming" in subsection (b), the culpable mental state prescribed in that provision- "intent to arouse or gratify the sexual desire of any person"- is not narrowly drawn to achieve that end. A more narrowly drawn culpable mental state would be "with intent to induce the child to engage in conduct with the actor or another individual that would constitute a violation of §§ 21.11, 22.011, or 22.021." The State suggests that, without the current provision, perverts will be free to bombard our children with salacious emails and text messages, and parents and law enforcement would be unable to stop it. But as we have just observed, there are more narrow means of drawing a statute to target the phenomenon of "grooming."

*Id*. at 23-24 (footnote omitted). Likewise, § 43.25 could have simply prohibited inducing one to engage in conduct with an individual that would constitute a violation of §§ 21.11, 22.011, or 22.021," but was not so narrowly drawn.[12]

---

[12]Indeed, just as in *Lo*, § 43.25 is not narrowly drawn to achieve only the goal of protecting children from sexual predators. The *Lo* Court noted that the challenged portion of the

While *Thompson* is of less value to the instant analysis because it involves the taking of "improper" photographs, this Court made clear in *Thompson* that "a law 'is not susceptible to a narrowing construction when its meaning is unambiguous.'" *Thompson*, 442 SW.3d at 339 (citation omitted).  With regard to the inducing of sexual conduct, it is clear that § 43.25 prohibits a person from using speech to persuade another to engage in a variety of conduct that is completely legal under Texas law.  As such, it is not narrowly drawn.

**C. Inducing Sexual Performance**

The United States Supreme Court case of *Ashcroft v. Free Speech Coalition*, 535 U.S.  234 (2002) and the 2010 case of *United States v. Stevens*, 559 U.S. 460 (2010) show why the portion of  § 43.25 prohibiting the persuading of a seventeen year old to engage in a sexual performance also violates the First Amendment and renders that portion of the statute overbroad on that basis as well.

Until *Ashcroft* and *Stevens*, most courts had interpreted the Supreme Court's decision in *New York v. Ferber*, 458 US. 759 (1982) to create a categorical exclusion for child pornography from any First Amendment protection.  Nevertheless, *Ashcroft*

---

statute in that case would "apply to a Texas defendant who has 'titillating talk' with a child in Outer Mongolia or a Mongolian who has salacious communications with a child in Dallas" and thus did not only protect a child from a person from soliciting a minor "for unlawful activity." *Id*. at 26.  Here also, § 43.25 would make it a crime for a person in Dallas to use speech to persuade a person under eighteen living in Outer Mongolia to masturbate.

and *Stevens* have since made clear that the *Ferber* holding was not that broad.

In *Ashcroft*, the Court wrote:

*Ferbe*r upheld a prohibition on the distribution and sale of child pornography, as well as its production, because these acts were "intrinsically related" to the sexual abuse of children in two ways. *Id.*, at 759, 102 S.Ct. 3348. First, as a permanent record of a child's abuse, the continued circulation itself would harm the child who had participated. Like a defamatory statement, each new publication of the speech would cause new injury to the child's reputation and emotional well-being. *See Id.*, at 759, and n. 10, 102 S.Ct. 3348. Second, because the traffic in child pornography was an economic motive for its production, the State had an interest in closing the distribution network. "The most expeditious if not the only practical method of law enforcement may be to dry up the market for this material by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product." *Id.*, at 760, 102 S.Ct. 3348. *Under either rationale, the speech had what the Court in effect held was a proximate link to the crime from which it came.*

*Ashcroft*, 535 U.S. at 249-50 (emphasis added). The *Ashcroft* Court, which found a statute prohibiting virtual pornography to violate the First Amendment, also pointed out the oddity of proscribing visual depictions of persons engaged in sexual activity who appear to be under the age of eighteen because, in many instances, the activity could be consensually legal. *Id.* at 247.

More recently, in *Stevens*, the Court further noted that "[o]ur decisions in *Ferber* and other cases cannot be taken as establishing a freewheeling authority to declare new categories of speech outside the scope of the First Amendment."

19

*Stevens,* 559 U.S. at 472.  It explained:

> We made clear that *Ferber* presented a special case: The market for child pornography was "intrinsically related" to the underlying abuse, and was therefore "an integral part of the production of such materials, an activity illegal throughout the Nation."  *Id.*, at 759, 761, 102 S.Ct. 3348.

*Id*. at 471.

In short, *Ferber* presented a case in which the market for child pornography was related to the underlying offense of abusing children and *Ashcroft* and *Stevens* make clear that, for child pornography to be illegal, it must be intrinsically intertwined to the underlying commission of a crime.

> [W]here as before *Stevens* many believed- perhaps erroneously so- that any sexually explicit image of a minor was child pornography, the belief is now fatally flawed.  Instead, in determine whether a particular non-obscene image constitutes child pornography, the initial question must be whether there is a *specific illegal conduct* to which the speech is integral."

Antonio Haynes*, The Age of Consent: When is Sexting No Longer "Speech Integral to Criminal Conduct?"* 97 Cornell L. Rev. 369 394-95 (2012) (emphasis added).

Consequently, the inducing sexual performance portion of § 43.25 must be examined in light of *Ashcroft* and *Stevens*.  In this light, it is overbroad.  First, it prohibits consensual performances by seventeen year olds where the underlying activity is *not* illegal and, therefore, the statute is not protected by the Supreme

20

Court's *Ferber* decision. In other words, there is no "proximate link" to a crime from which the proscribed performance comes. *Ashcroft*, 535 U.S. at 250. Second, § 43.25 prohibits cases where there is no "permanent record" of the activity recorded. For example, in this case the "skype sessions" were private transmissions of legal activity that were not preserved.

## III. THE COURT OF APPEALS OPINION IS WRONGLY DECIDED AND COULD HAVE SERIOUS IMPLICATIONS

Ultimately, the Court of Appeals' opinion turns on its conclusion that § 43.25 does not regulate a *substantial* amount of activity protected by the First Amendment. Although it acknowledges that the application of § 43.25 to the authorization or inducement of seventeen year old children to engage in sexual conduct or sexual performance" is "problematic," it ultimately concludes that there are only "rare impermissible application[s]" of the statute. *See* Attachment A at 13. Without any statistics it states that "the vast majority of [that statute's] potential applications involve cases "where the speech seeks to induce a criminal act." *Id*. Mr. Fujisaka submits that the Court's ultimate reasoning is wrong and, when it comes to parents, it is dangerously wrong.

Mr. Fujisaka acknowledges that a statute is not overbroad simply because one can conceive of some fanciful hypothetical in which a statute might impinge on a

person's First Amendment rights.  *See Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984).  At the same time, "substantial overbreath" is not measure by precise definition and, instead, courts look to see if there is "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court...."  *Id.*

Here, Mr. Fujisaka hardly has to strain for examples of the impact § 43.25 could have on First Amendment rights of parties not before the Court.  Even the Court of Appeals acknowledges that anytime a person persuades a seventeen year old to engage in sexual conduct and every time a parent authorizes sexual conduct by their child, they have violated the statue.  It is the Court of Appeals that seeks to come up with fanciful hypotheticals by positing instances where the persuasion and authorization are not accomplished using speech.

Next, advocating *illegal sex* acts are already punished by other statutes.  *Cf. Lo*, 424 S.W.3d at 20 (Statute unconstitutional where it prohibits speech that is either "prohibited by other statues...or is constitutionally protected.").  Thus, the persons who will be ensnared by § 43.25 are almost certainly going to be the very people who are persuading or authorizing *legal* activity whereas those who persuade people to engage in *illegal* sexual activity will be prosecuted under the several statutes enacted for that very purpose.  The Court of Appeals conclusion that the statute is mostly

22

designed to punish people who seek to induce an underlying "criminal act" is fallacious given the fact that there would be no need for the statute in those cases as the person could simply be prosecuted for committing the underlying criminal act. In short, this statute chills the speech of those who believe they are persuading or authorizing *legal* sexual behavior and does nothing to prevent those who are already violating the law by persuading and authorizing *illegal* behavior.[13]

Finally, with regard to parents authorizing children, the Court of Appeals pays lip serviced to the fact that "parents have broad authority under the Constitution to raise there children free of excessive interference from the State." *See* Attachment A at 9-10. Nevertheless, it then acknowledge that § 43.25 does, indeed, limit a parent's ability to "authorize" by means of speech sexual activity by their children. For example, the statute criminalize the following behavior by parents:

> •Mother learns *sixteen*-year old daughter is having sex with sixteen-year old boyfriend. Concerned that she practice safe sex, mother tells daughter that, although, in a perfect world daughter would wait, she is okay with daughter having sex with her boyfriend as long as she uses birth control. Mother then takes her daughter to the doctor to be prescribed birth control pills.

> •Father talks to *sixteen*-year old son about sex. He tells son that

---

[13] Indeed, twenty year old college sophomores who persuade their seventeen year old college freshmen girlfriends to have sex when the girlfriend might not be "in the mood" hardly believe they are committing third degree felonies. And it is naive to believe that it is "rare" for twenty year old college students to persuade seventeen year old college students to have sexual contact. It likely happens hundreds of times a weekend within miles of this Court.

masturbation is natural and that he has no problem with son masturbating in his bedroom and would prefer that son do that than have premarital sex.

Certainly, one of the truly dangerous parts of the Court of Appeals opinion is that a parent cannot authorize his or her child, if they learn the child is sexually active, to obtain birth control.[14]

---

[14]It is, of course, no answer the suggest that the State would simply not enforce the law in the type of parent-child scenarios described above. *See Hill*, 482 U.S. at 466-67 (An overbroad statute cannot be saved by giving the State discretion as to the situations in which it is enforced).

**PRAYER**

Mr. Fujisaka appreciates that the State has a compelling interest in protecting minors from unwanted sexual conduct. Nevertheless, § 43.25 is facially overbroad and cannot withstand "strict scrutiny." As noted above, the State *could* have enacted a statute that simply prohibited inducing one to engage in conduct with an individual that would constitute a violation of §§ 21.11, 22.011, or 22.021. Instead, it enacted a statute that, in part, prohibits a person or parent from persuading or authorizing another to engage in what may be perfectly legal acts.[15]

For the foregoing reasons, this Court should grant the Petition for Discretionary Review and review the judgment by the Texas Fifth Court of Appeals in this case.

---

[15]The Court of Appeals suggests that Mr. Fujisaka is claiming that an age restriction cannot be set by the legislature at seventeen for some purposes and eighteen for others. *See* Attachment A at 12. Mr. Fujisaka has never made such a broad claim. His claim is simply that a statute is overbroad if it criminalizes persuading or authorizing another to engage in legal activity.

25

Respectfully submitted,


/s/F. Clinton Broden
F. CLINTON BRODEN
TX Bar No. 24001495
Broden, Mickelsen, Helms & Snipes
2600 State Street
Dallas, Texas 75204
(214) 720-9552
(214) 720-9594(facsimile)

Attorney for
Jeffrey Wayne Fujisaka

26

**CERTIFICATE OF SERVICE**

I, F. Clinton Broden, do hereby certify that, on this 9th day of October, 2015, I caused a copy of the foregoing document to be served by first class mail, postage prepaid, on the Collin County District Attorney's Office, 2100 Bloomdale Rd, Suite 100, McKinney, TX 75071.

/s/ F. Clinton Broden
F. Clinton Broden

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Tex. R. App. P. 9.4 because this brief contains 4,491 words, excluding the parts of the brief exempted by the rule.

/s/ F. Clinton Broden
F. Clinton Broden
Attorney for Appellant

**APPENDIX A**

**AFFIRM; and Opinion Filed August 12, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00355-CR

### EX PARTE JEFFREY WAYNE FUJISAKA

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-80264-2015**

# OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Fillmore

Jeffrey Wayne Fujisaka is charged with four counts of knowingly inducing E.D., a child under eighteen years old, to engage in sexual conduct or a sexual performance consisting of touching her genitals with her hand. *See* TEX. PENAL CODE ANN. § 43.25(b) (West 2011). Appellant filed a pretrial application for writ of habeas corpus challenging the constitutionality of section 43.25(b).[1] The trial court denied relief on appellant's application. In his sole issue on appeal, appellant contends section 43.25 is facially unconstitutional under the First Amendment to the United States Constitution.[2] We affirm.

---

[1] Unless otherwise noted, all statutory provisions referenced in this opinion appear in the Texas Penal Code.

[2] The First Amendment to the United States Constitution provides, in relevant part, "Congress shall make no law . . . abridging the freedom of speech[.]" U.S. CONST. amend I. The freedom of speech secured by the First Amendment against abridgment by the United States is similarly secured by the Fourteenth Amendment against abridgment by a state. *Schneider v. State*, 308 U.S. 147, 160 (1939).

**STANDARD OF REVIEW AND APPLICABLE LAW**

A defendant may file a pretrial application for a writ of habeas corpus to raise a facial challenge to the constitutionality of a statute that defines the offense charged. *Ex parte Thompson*, 442 S.W.3d 325, 333 (Tex. Crim. App. 2014). Whether a statute is facially unconstitutional is a question of law subject to de novo review. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). We make every reasonable presumption in favor of the statute's constitutionality, unless the contrary is clearly shown. *Peraza v. State*, No. PD-0100-15, 2015 WL 3988926, at *4 (Tex. Crim. App. July 1, 2015). The challenger normally bears the burden to establish the statute is unconstitutional. *Lo*, 424 S.W.3d at 15.

A facial challenge attacks the statute itself rather than the statute's application to the defendant. *Peraza*, 2015 WL 3988926, at *4. Ordinarily, to mount a successful facial challenge, the challenger must establish that no set of circumstances exists under which the statute would be valid or that the statute lacks any plainly legitimate sweep. *Id.*; *see also United States v. Stevens*, 559 U.S. 460, 472 (2010). However, in the case of statutes that encroach upon activity protected by the First Amendment, the challenger may also bring a "substantial overbreadth" challenge. Under such a facial challenge, a statute may be invalidated as overbroad if "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Stevens*, 559 U.S. at 473; *see also Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 255 (2002) (overbreadth doctrine prohibits government from banning unprotected speech if substantial amount of protected speech prohibited or chilled in process). This type of facial challenge may be made when a statute restricts or punishes speech based upon its content. *Lo*, 424 S.W.3d at 15.

A law is "content-based" if it distinguishes between favored and disfavored speech on the basis of the views expressed or if it is necessary to review the content of the speech in order to

determine whether the speaker violated the law. *Thompson*, 442 S.W.3d at 345. A content-based regulation that distinguishes favored from disfavored speech based on the views expressed is presumptively invalid, and the government bears the burden to rebut the presumption. *Lo*, 424 S.W.3d at 15. We apply the "most exacting scrutiny to regulations that suppress, disadvantage, or impose different burdens on speech because of its content." *Id.* To satisfy a strict scrutiny review, a statute that regulates speech must be necessary to serve a compelling state interest and be narrowly drawn. *Id.* To be considered narrowly drawn, a law must employ the least restrictive means to achieve its goal and there must be a close nexus between the state's compelling interest and the restriction. *Id.* The statute does not survive strict scrutiny review if there is a less restrictive means of meeting the state's compelling interest that would be at least as effective as the statute under review. *Id.* at 15–16. However, a statute may not be held overbroad merely because it is possible to conceive of some impermissible applications. *United States v. Williams*, 553 U.S. 285, 303 (2008).

## ANALYSIS

The first step in an overbreadth analysis is to determine whether the statute reaches a substantial amount of activity protected by the First Amendment. *City of Houston, Tex. v. Hill*, 482 U.S. 451, 458–59 (1987). If the law does not reach a substantial amount of constitutionally protected activity, then the overbreadth challenge fails. *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982). We begin our analysis by examining what the statute covers. *Stevens*, 559 U.S. at 474.

Section 43.25(b), entitled "Sexual Performance by a Child," states:

A person commits an offense if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than 18 years of age to engage in sexual conduct or a sexual performance. A parent or legal guardian or custodian of a child younger than 18 years of age commits an offense if he consents to the participation by the child in a sexual performance.

–3–

TEX. PENAL CODE ANN. § 43.25(b). A "sexual performance" under the statute means "any performance or part thereof that includes sexual conduct by a child younger than 18 years of age." *Id*. § 43.25(a)(1). A "performance" means "any play, motion picture, photograph, dance, or other visual representation that can be exhibited before an audience of one or more persons." *Id*. § 43.25(a)(3). "Sexual conduct," within the meaning of the statute, is "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." *Id*. § 43.25(a)(2).[3]

Appellant contends section 43.25(b) is overbroad, and thus facially unconstitutional under the First Amendment, because it regulates the content of speech, should be subjected to strict scrutiny, and cannot survive strict scrutiny review because it was not narrowly drawn to achieve the State's compelling interest to protect minors from sexual abuse. In pressing his facial challenge, appellant does not assert that "employing" a child to engage in sexual conduct or a sexual performance constitutes any constitutionally protected activity. Instead, he argues the statute's prohibition on "authorizing" and "inducing" a child to engage in sexual conduct or a sexual performance violates the First Amendment because it prohibits a person from authorizing or persuading another to engage in lawful activity.

A statute that regulates only conduct, not speech or any other expressive activity which is protected by free speech guarantees, does not trigger any protection under the First Amendment. *See Arnold v. State*, 853 S.W.2d 543, 545–46 (Tex. Crim. App. 1993); *see also Lo*, 424 S.W.3d at 16–17 (noting statutes prohibiting online solicitation of minor routinely held constitutional

---

[3] The statute also provides for affirmative defenses to prosecution for the spouse of a child, persons who are not more than two years older than the child, and situations where the "conduct was for a bona fide educational, medical, psychological, psychiatric, judicial, law enforcement, or legislative purpose." *Id*. § 43.25(f).

because gravamen of offense is conduct of requesting minor to engage in illegal sexual acts). As the Supreme Court has explained:

> Facial overbreadth . . . attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from "pure speech" toward conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct. Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect—at best a prediction—cannot, with confidence, justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that is admittedly within its power to proscribe. To put the matter another way, particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.

*Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973) (citations omitted).

The State contends section 43.25(b) regulates only conduct and does not implicate First Amendment rights at all. Conversely, appellant argues the conduct of "authorizing" and "inducing" a child to engage in sexual conduct or a sexual performance is usually accompanied by speech, one may prove inducement from "persuasion" alone, and thus "a large part" of what section 43.25 regulates is, in fact, speech. Appellant does not cite any authority holding that authorizing or inducing a child to engage in sexual conduct or a sexual performance constitutes a form of constitutionally protected speech, but he attempts to support his position by analogy. *See Hill*, 482 U.S. at 466 (ordinance making it unlawful to "interrupt" police officers in performance of their duties unconstitutional because it criminalized substantial amount of constitutionally protected speech); *Loper v. N.Y.C. Police Dept.*, 999 F.2d 699, 704–06 (2d Cir. 1993) (statute prohibiting loitering in public place for purpose of "begging" violates First Amendment because speech frequently accompanies begging); *State v. Melchert-Dinkel*, 844 N.W.2d 13, 23–24 (Minn. 2014) (portion of statute prohibiting advising or "encouraging" another to commit suicide violated First Amendment). Appellant contends "inducing" a child to

engage in sexual conduct or a sexual performance involves speech as much as "interrupting" a police officer, "begging" in a public place, or "encouraging" another to commit suicide.

Neither "authorizes" nor "induces" is defined in the penal code. In the absence of statutory definitions, we give words their commonly used meanings. *See* TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). In its common meaning, one "authorizes" conduct by empowering the actor or affording a right to act. *In re Hecht*, 213 S.W.3d 547, 567 (Tex. Spec. Ct. Rev. 2006). The term may also be defined as "to give legal authority; to empower . . . to formally approve, to sanction." *Id.* (quoting BLACK'S LAW DICTIONARY 143 (8th ed. 2004)). The definition necessitates "affirmative actions on the part of the authorizer." *Id.* To "induce" means "to move and lead by persuasion or influence." *Bell v. State*, 326 S.W.3d 716, 720 (Tex. App.—Dallas 2010, pet. dism'd, untimely filed) (citing WEBSTER'S NEW INTERNATIONAL DICTIONARY 1154 (3d ed. 1981)). "Inducement" means "[t]he act or process of enticing or persuading another to take a certain course of action." *Scott v. State*, 173 S.W.3d 856, 862 (Tex. App.—Texarkana 2005) (quoting BLACK'S LAW DICTIONARY 790 (8th ed.)), *aff'd in part, rev'd in part*, 235 S.W.3d 255 (Tex. Crim. App. 2007). It also means "to lead or move by persuasion or influence, as to some action or state of mind . . . to bring about, produce, cause." *Scott*, 173 S.W.3d at 862 (quoting RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 975 (2d ed. 1987)).[4]

"Employing," "authorizing," or "inducing" someone need not involve any speech at all. *See Dornbusch v. State*, 156 S.W.3d 859, 867 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("[N]owhere in [section 43.25(b)], nor in the common understanding of the word, is there any requirement that inducement be verbal and explicit."). It is a well-established tenet of

---

[4] Citing the definition of "induce" used in *Scott*, appellant seeks to equate "induce" with "persuade." *See Scott*, 173 S.W.3d at 862. At no point, however, does *Scott* equate "inducement" and "persuasion." *See id.* (providing multiple definitions of "inducement"). Rather, persuasion is one form of inducement.

constitutional law that the mere occurrence of some verbal expression in connection with one's conduct does not trigger the First Amendment's speech protections. "We cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *United States v. O'Brien*, 391 U.S. 367, 376 (1968); *see also City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989) ("It is possible to find some kernel of expression in almost every activity a person undertakes—for example, walking down the street or meeting one's friends at a shopping mall—but such a kernel is not sufficient to bring the activity within the protection of the First Amendment.").

Further, most utterances that might result from efforts to "employ," "authorize," or "induce" a child to engage in sexual conduct or a sexual performance would be part of an illegal transaction and would not enjoy the protection of the First Amendment. *See Williams*, 553 U.S. at 297 (speech generated in connection with illegal transaction enjoys no First Amendment protection); *see also Lo*, 424 S.W.3d at 16–17 (concluding, in dicta, that portion of online solicitation of a minor act criminalizing use of electronic communications to solicit a minor to engage in certain sexual behavior is constitutional because soliciting minor to engage in sexual relations would be illegal transaction not protected by First Amendment, and thus section of statute focused on *conduct* of requesting minor to engage in illegal sexual acts rather than *speech*); *United States v. Gagliardi*, 506 F.3d 140, 147–48 (2d Cir. 2007) (federal statute that makes it an offense to knowingly persuade, induce, or entice a minor to engage in sexual activity of criminal nature not overbroad because statute punishes act of enticing or attempting to entice minor rather than implicating speech). Most of the conceivable transactions within the scope of section 43.25(b) are criminal acts proscribed by other penal code provisions. *See, e.g.*, TEX. PENAL CODE ANN. §§ 21.11 (indecency with a child), 22.011(a)(2) (sexual assaults against children), 33.021(c) (online solicitation of a minor) (West 2011), §§ 15.031(b) (criminal

solicitation of a minor), 20A.02(a)(7) (trafficking a child to participate in sexual offenses), 21.02 (continuous sexual abuse of a child), 21.12 (improper relationship between educator and student), 22.021(a)(1)(B) (aggravated sexual assault of a child), 43.02–.05 (prostitution offenses), 43.251 (employment harmful to children), and 43.26 (possession or promotion of child pornography) (West Supp. 2014).

Because section 43.25(b) regulates activities that are otherwise illegal in the overwhelming majority of circumstances falling within the statute's scope, it differs from the authorities appellant relies upon to argue that the proscribed activity constitutes "speech." The "interrupting," "begging," and "encouraging" prohibited in *Hill*, *Loper*, and *Melchert-Dinkel* not only regulated what would generally otherwise be legal activities, but also potentially punished or deterred certain constitutionally protected speech. As the court pointed out in *Hill*, the portions of the city ordinance at issue in that case making it an offense to assault or strike a police officer would be preempted by state law leaving only "verbal interruptions" of police as the regulated activity. *See Hill*, 482 U.S. at 460–61. Thus, the Supreme Court concluded the ordinance "deals not with core criminal conduct, but with speech." *Id*. at 460. The court in *Loper* concluded that a prohibition on "begging" "prohibits speech as well as conduct of a communicative nature." *Loper*, 999 F.2d at 702. The court opined that while begging could be restricted in certain locations, such as the subway system, "[t]he sidewalks of the City of New York fall into the category of public property traditionally held open to the public for expressive activity." *Id*. at 702–04. Likewise, in *Melchert-Dinkel*, the Minnesota statute prohibiting a person from "advising" or "encouraging" another to commit suicide involves a substantial amount of speech. As stated in the opinion:

> the common definitions of "advise" and "encourage" broadly include speech that
> provides support or rallies courage. . . . Furthermore, the "advise[ ]" and
> "encourage[ ]" prohibitions are broad enough to permit the State to prosecute
> general discussions of suicide with specific individuals or groups. Speech in

–8–

> support of suicide, however distasteful, is an expression of a viewpoint on a matter of public concern . . . .

*See Melchert-Dinkel*, 844 N.W.2d at 23–24.

In an attempt to show the statute is overbroad, appellant focuses upon instances in which speech associated with purportedly lawful activity may be improperly penalized and offers a total of seven examples (one being his own alleged circumstances)[5] to demonstrate the statute's invasion of constitutionally protected speech. One of appellant's examples, first delivered in his reply brief, involving a seventeen-year-old boy encouraging another seventeen-year-old boy to have sex with a thirty-year-old woman, would be covered by an affirmative defense incorporated in the statute. *See* TEX. PENAL CODE ANN. § 43.25(f)(3) (West 2011) (providing an affirmative defense if the defendant is not more than two years older than the child). The other six examples fall into two categories: parents "authorizing" their teenage children to have sexual relations by approving teen sexual activity, providing birth control, and indicating a preference that the child rely upon masturbation rather than having sexual relationships with other teens; and adults inducing sexual conduct or sexual performances from seventeen-year-old children with whom the adults may have consensual sexual relations under Texas law. To the extent the statute restricts any constitutionally protected speech, we agree with appellant that the statute is a "content-based" restriction and, therefore, subject to strict scrutiny. *Thompson*, 442 S.W.3d at 345.

We are cognizant that parents have broad authority under the Constitution to raise their children free of excessive interference from the State. *See Troxel v. Granville*, 530 U.S. 57, 65–

---

[5] According to appellant, the charges arise from Skype internet video calls in which E.D. would masturbate on camera while appellant watched. Appellant alleges the Skype sessions occurred while he was on business trips out of the country, were not recorded, and were private communications. Appellant alleges he was forty-three years old at the time of the Skype sessions, E.D. was seventeen years old, and he had an ongoing relationship with her that involved sexual contact. Appellant may not raise an "as applied" challenge to the statute in a pretrial application for writ of habeas corpus. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). Therefore, we consider appellant's allegation only as a hypothetical application of the statute.

66 (2000) (recognizing the Due Process Clause of the Fourteenth Amendment "protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children"). The precise scope of a parent's right to counsel his or her child on matters of sexuality is not before this Court, and we express no opinion on the subject. We note only that to the extent a parent knowingly employs, authorizes, or induces his or her child under the age of seventeen years to engage in sexual conduct or a sexual performance that would constitute a violation of a provision of the Texas Penal Code, any speech connected with that activity would not enjoy the protection of the First Amendment. *See Williams*, 553 U.S. at 297.[6]

Accordingly, regardless of whether the defendant is a parent, the only applications of section 43.25(b) that could conceivably pose a danger of regulating or chilling constitutionally protected speech involve persons "authorizing" or "inducing" a seventeen-year-old child to engage in sexual conduct or a sexual performance. Appellant contends that because it is legal for an adult to have consensual sexual relations with a seventeen-year-old child without violating the Texas Penal Code, section 43.25(b) is overbroad in criminalizing the inducement of legal sexual conduct or sexual performance by such a child. Appellant also suggests that section 43.25(b) is not narrowly tailored precisely because of the anomaly between the provisions in Title Five of the penal code setting the age of consent in Texas at seventeen years and article 43.25(b) setting the age below which a child may not be authorized or induced to engage in sexual conduct or a sexual performance at eighteen years. *Compare* TEX. PENAL CODE ANN. §§ 21.11(a), 22.011(c)(1), and 22.021(b)(1) *with* § 43.25(b). Appellant suggests the statute

---

[6] We note the parties disagree on whether the "authorizes" and "induces" portion of section 43.25(b) even applies to parents. Citing an unpublished opinion, appellant contends parents are subject to the "authorizes" and "induces" sentence of the statute. *See Melder v. State*, No. 12-12-00400-CR, 2014 WL 1922570, at *3 (Tex. App.—Tyler May 14, 2014, pet. ref'd) (mem. op., not designated for publication). The State contends parents and legal guardians are subject only to the second sentence in section 43.25(b) prohibiting them from consenting to the child's participation in a sexual performance. Because we conclude the most problematic application of the statute involves authorization or inducement of seventeen-year-old children that have reached the age of consent under Texas law, the dispute is immaterial to our analysis.

should have been narrowed to criminalize only authorization or inducement that constitutes a violation of penal code sections 21.11, 22.011, or 22.021. We disagree.

*Dornbusch* addresses the inducement of seventeen year olds. The defendant in that case was convicted of inducing a child to engage in sexual conduct. *See Dornbusch*, 156 S.W.3d at 864. The evidence showed the defendant, a male high school band director, lured two seventeen-year-old female students to a motel room on the pretense of helping him run errands during the school day. *See id.* Once in the motel room, the defendant and the girls entered the hot tub. *Id.* The defendant teased the girls for wearing towels which they then removed. *Id.* The defendant touched their genitalia and then led each of them to the bed where he was rebuffed in his attempt to perform oral sex on one girl and he performed oral sex on the other. *Id.* Among many challenges on appeal, the defendant contended that his conviction would lead to the "absurd" result that he could be punished under section 43.25(b) for inducing a seventeen year old to engage in consensual sexual conduct for which he could not be punished under section 21.11 of the penal code that prohibits indecency with a child under seventeen years of age. *See id.* at 871. The appellate court disagreed, noting that section 21.11 does not control the interpretation of section 43.25(b). *See id.* The court took issue with the defendant's characterization of section 21.11 as "legalizing" sexual conduct with seventeen-year-old children, concluding instead that it "merely does not allow such an act to be prosecuted as indecency with a child." *Id.* The court pointed out that section 21.11 is contained within a portion of the penal code that addresses offenses against persons while section 43.25(b) is contained within a portion of the penal code that criminalizes offenses against public decency and order. *Id.* The court concluded that "although an adult's consensual sexual contact with a seventeen-year-old cannot be prosecuted as indecency with a child, the teenager's consent to sex does not de-criminalize the adult's

–11–

conduct under section 43.25(b) because the adult's conduct is a crime against the public, not against the teenager." *Id*.

Although there is some overlap between the offenses set forth in Title Five of the penal code, addressing offenses against persons, and the offenses set forth in Title Nine of the penal code, addressing offenses against public order and decency, we see no necessary inconsistency between the provisions of these titles and no reason why the age of consent to sexual relations in the Title Five offenses need be the same as the threshold age for prosecutions of conduct violative of public order and decency in Title Nine. *Compare* §§ 21.11(a), 22.011(a)(2), (c)(1), and 22.021(a)(1)(B), (b)(1) (criminalizing sexual conduct with persons younger than seventeen years of age), *with* §§ 43.02(c)(3), 43.03(b)(2), 43.04(b), 43.251(a)(1), and 43.26(a)(1) (criminalizing or enhancing punishment for offenses involving persons younger than eighteen years of age). Appellant has not provided any authority mandating an age limit on regulations aimed at protecting children and society from adults exploiting children for sexual purposes. We do not find the argument persuasive that the age restriction cannot be set by the legislature at seventeen years for some purposes and eighteen years for others. *See, e.g.*, 18 U.S.C.A. § 2256(1) (West 2015) (defining "minor" as "any person under the age of eighteen years" for purposes of federal law prohibiting the sexual exploitation and other abuse of children). Appellant's suggestion that we interpret the statute to encompass only sexual conduct or sexual performances that are otherwise proscribed by Title Five offenses does not fully grasp the significance of the government's compelling interest in protecting children from sexual exploitation. *See New York v. Ferber*, 458 U.S. 747, 757 (1982) (recognizing "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance").

–12–

Because seventeen years is the age of consent to sexual relations in Texas, and thus speech incidental to such relations would not be categorically excluded from protection under the First Amendment, we agree with appellant that application of section 43.25(b) to the authorization or inducement of seventeen-year-old children to engage in sexual conduct or a sexual performance is the most problematic application of the statute. However, the set of applications where the regulation is problematic is narrowed drastically by the removal of cases involving only conduct as inducement, cases where the speech seeks to induce a criminal act, the statute's scienter requirement that the inducement occur "knowing the character and content thereof," and the affirmative defenses incorporated into the statute. We conclude for the vast majority of its potential applications, section 43.25(b) does not raise issues of constitutional dimension. In contemplating the small subset of potential applications that are left, we are persuaded that the existence of some rare impermissible application does not establish that the statute is *substantially* overbroad. *See Williams*, 553 U.S. at 303. In reaching this conclusion, we note the differences between the narrow intrusion into the First Amendment of section 43.25(b) as opposed to other statutes declared substantially overbroad. *See, e.g.*, *Stevens*, 559 U.S. at 461–62 (noting that the challenged statute banning commercial depictions of cruelty to animals "creates a criminal prohibition of alarming breadth" that would apply to hunting magazines and videos); *Thompson*, 442 S.W.3d at 350 (describing the scope of the improper photography statute as "breathtaking" and noting it would apply "to any non-consensual photograph, occurring anywhere, as long as the actor has an intent to arouse or gratify sexual desire"); *Lo*, 424 S.W.3d at 20, 23 (observing that unconstitutional portion of online solicitation act would "prohibit[ ] the dissemination of a vast array of constitutionally protected speech and materials" including works of literature, television shows, movies, performances, and art); *Ex parte Perry*, No. 03-15-00063-CR, 2015 WL 4514696, at *38 (Tex. App.—Austin July 24, 2015,

no pet. h.) (concluding statute prohibiting coercion of a public servant was so overbroad it would criminalize public servants' lawful exercise of their powers and "much of the ordinary day-to-day workings of government").

We conclude section 43.25(b) does not reach a substantial amount of constitutionally protected speech, judged in relation to the statute's plainly legitimate sweep; is not unconstitutionally overbroad; and is narrowly tailored to serve a compelling governmental interest. *See Stevens*, 559 U.S. at 473; *Lo*, 424 S.W.3d at 15. Therefore, appellant's facial challenge to section 43.25(b) must fail. *Hill*, 482 U.S. at 458–59; *Hoffman Estates*, 455 U.S. at 494. We resolve appellant's sole issue against him.

We affirm the trial court's order denying relief on appellant's application for pretrial writ of habeas corpus.

/Robert M. Fillmore/  
ROBERT M. FILLMORE  
JUSTICE

Publish  
TEX. R. APP. P. 47

150355F.P05

–14–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JEFFREY WAYNE FUJISAKA

No. 05-15-00355-CR

On Appeal from the 416th Judicial District Court, Collin County, Texas,
Trial Court Cause No. 416-80264-2015.
Opinion delivered by Justice Fillmore,
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for pretrial writ of habeas corpus is **AFFIRMED**.

Judgment entered this 12th day of August, 2015.